195 So.2d 552 (1967)
THE FLORIDA BAR, Petitioner,
v.
James A. McPHEE and Protective Abstract & Title Co., a Florida Corporation, Respondents.
No. 35220.
Supreme Court of Florida.
February 1, 1967.
*553 Robert T. Westman, Cocoa, Burton Young, North Miami Beach, and Richard C. McFarlain, Miami, for The Florida Bar, petitioner.
William H. Adams, III, of Mahoney, Hadlow, Chambers & Adams, Jacksonville, for respondents.
PER CURIAM.
The Florida Bar filed in this Court a petition charging respondents James A. McPhee and Protective Abstract & Title Co. with unauthorized practice of law contrary to Article XVI of the Integration Rule of The Florida Bar, 31 F.S.A. adopted by this Court. By their answer respondents admitted the charge and consented to the issuance of an injunction against them. After the answer was filed the Court, upon the joint motion of the parties, entered an order dispensing with the appointment of a referee and allowing parties to file for the Court's approval an injunctive order to be issued against respondents.
The parties, after numerous conferences, were unable to agree upon the terms of an injunctive order, such disagreement arising primarily because of the divergent views of the parties as to the proper interpretation of Cooperman v. West Coast Title Company, Fla., 75 So.2d 818. Accordingly, with the Court's consent the parties have filed briefs setting forth their respective views of this Court's decision in Cooperman and upon the proper injunctive order to be issued herein and the matter was duly argued before this Court on Thursday, December 15, 1966.
Petitioner urges the Court to reconsider its decision in Cooperman arguing "that *554 the sands of time dictate that a new and enlightened law should be the order of the day".
We have carefully reconsidered the decision of this Court in Cooperman and the scope and extent of the restrictions placed upon the activities of title insurance companies in this State therein. We find no reason to disturb our decision in that case. The decision there disposes of the issues presented by the petition and answer in this cause. The injunctive order to be entered herein should accordingly be limited to comply with the rule there stated.
It is therefore ordered that:
1. Respondents are enjoined from:
(a) Rendering, orally or in writing, opinions concerning the status or marketability of title to real property in Florida, whether respondents receive a fee or not;
(b) Giving advice, orally or in writing, relating to methods of taking title or concerning the legal effect of any document;
(c) Preparing contracts for sale, deeds, mortgages, or other instruments of conveyance of real property except those which are necessary to fulfill conditions contained in title insurance commitments issued by respondent Protective;
(d) Conducting real estate closings, except those which are incident to fulfilling conditions in title insurance commitments which Protective has issued and except when respondents are acting as escrow agents in "simple escrow" transactions;
(e) Making any charge other than regular title insurance premiums for preparing documents or conducting closings.
2. This order shall not prevent respondents from:
(a) Preparing and charging for abstracts purporting to be a synopsis of instruments of record affecting the title to real property;
(b) Taking such steps as respondents deem advisable to inform themselves of the status of any title which Protective or any title insuror for which it acts as agent may be called upon to insure.
(c) Examining information concerning the title to real property to determine for itself the conditions upon which respondent Protective or any title insuror for which it acts as agent will issue a commitment for title insurance or a policy of title insurance.
(d) Issuing title insurance commitments describing the conditions which must be fulfilled before respondent Protective or any title insuror for which it acts as agent will issue a title insurance policy in connection with any proposed real estate transactions;
(e) Drawing only such documents as may be necessary to fulfill the conditions described in a commitment issued by respondent Protective or any title insuror for which it acts as agent, so long as no charge is made for preparing those documents other than the regular title insurance premium;
(f) Conducting real estate closings incident to the fulfillment of conditions described in title insurance commitments issued by respondent Protective or any title insuror for which it acts as agent, so long as no charge is made other than the regular title insurance premium;
(g) Acting as escrow agent in "simple escrow" transactions where no title insurance is involved, so long as respondents do not draw legal documents in connection with those transactions and do no more than carry out instructions given to them by the parties to the transaction or their counsel.
3. This Court retains jurisdiction for the purpose of entering such further orders *555 as may be necessary to enforce the injunctions contained herein.
It is so ordered.
THORNAL, C.J., DREW, CALDWELL and ERVIN, JJ., and GRAESSLE, Circuit Judge, concur.