197 So.2d 3 (1967)
THE FLORIDA BAR, Petitioner,
v.
COLUMBIA TITLE OF FLORIDA, a Florida Corporation, and Francis X. Bradley, Respondents.
No. 34841.
Supreme Court of Florida.
March 29, 1967.
Burton Young, No. Miami Beach, and Richard McFarlain, Miami, for The Florida Bar, petitioner.
George N. Jahn, Miami, for respondents.
PER CURIAM.
The Florida Bar petitioned this court for rule to show cause why respondents should not be held in contempt of court for engaging in the unauthorized practice of law. The petition charges generally that respondents, Columbia Title of Florida and Francis X. Bradley, president of Columbia Title, though not members of The Florida Bar, engaged in closing real estate transactions, representing both buyers and sellers including the preparation of legal documents. (More particular facts appear in the report of the referee, set out below.)
Rule issued and respondents' response disclaimed any intention of practicing law. Thereupon this court entered its order appointing as Referee the Honorable Paul D. Barns, Justice of the Supreme Court of Florida, Retired. We set out verbatim the Report of the Referee:
"The Florida Bar by petition seeks relief against the respondents in contempt and by injunction for the unauthorized practice of law, charging generally that *4 Columbia Title engages in closing real estate transactions representing both buyers and sellers and in particular state that Columbia Title prepared and utilized in closing a certain sale of real estate the following papers:
"FINDINGS OF FACT

1. Affidavit regarding advance rents paid (which it drafted) for seller to execute.
2. Bill of Sale of personal property located on the property sold through the broker (by use of a form).
3. Mechanic's Lien Affidavit (by use of a form).
4. Affidavit of Continuous Marriage and of Identity (drafted by it).
5. Warranty Deed (by use of a form).
6. A closing statement showing the sales price and how the proceeds of sale were disbursed (using a form).
The Bar's Petition further alleges that the respondent Bradley, as President of Columbia Title, represented the sellers in the closing of the sale of the subject property by preparing the documents above enumerated for the sellers to execute and deliver at the closing and that he attended the closing and participated therein and that he is not a member of the Bar.
The Bar's Petition alleges that the foregoing acts ensued by reason of the following inducements, and is an unauthorized practice of law, viz.:
`A. That in June, 1965, one Thomas Perry, a Florida registered real estate broker, found buyers for a parcel of real property in Dade County, Florida, owned by Mr. and Mrs. Bart J. Carney.
`B. That the said Thomas Perry retained respondents, Columbia Title of Florida, to represent the said sellers at the closing of the transaction, and agreed to pay Columbia Title of Florida a fee in the sum of Fifty Dollars ($50.00) for its services. Respondent, Columbia Title of Florida, through its authorized agents, agreed to this arrangement, and undertook to represent the said sellers at the closing.'
"The Sales Contract between the vendors and the vendees recited the down payment by the purchasers of One Thousand Dollars ($1,000.00), to be held by broker Terry (sic) in escrow and provided for a broker's commission of One Thousand Three Hundred Fifty-Two Dollars ($1,352.00) in event the sale was consumated, (sic) or one-half of the One Thousand Dollars ($1,000.00) down payment if the sale should fail, by reason of a default by the purchasers and the consequent forfeiture of the down payment. Hence, it was of interest to Terry that the sellers not be in default in anywise and that the sale be concluded without delay. At a cost of Fifty Dollars ($50.00) to advance his interest, he employed Columbia Title to aid the sellers as above alleged, since the sellers had advised Terry that they did not intend to employ an attorney. The Affidavits prepared by the respondents appear to have been furnished to satisfy a request of the attorney representing the purchasers.
"Columbia Title is engaged in the business of writing title insurance, but no title insurance was applied for or written in the subject transaction. Neither respondent claims the right to practice law and both claim that they, and each of them, never willfully or knowingly intended to represent or act as an attorney at law for buyers or sellers in real estate transactions or give legal advice as an attorney.

*5 "`Subject to the approval of the Court,' all parties to this proceeding have stipulated in writing as follows:
`1. That all of the allegations of the Petition filed herein by THE FLORIDA BAR are true.
`2. That the corporate charter of the Respondent Corporation has been amended to delete the illegal and improper portions thereof.
`3. That the complained of acts as set forth in the Petition filed herein do in fact constitute the unauthorized practice of law, and, as such, are contemptuous.
`4. That the Respondents represented to the Petitioner that it immediately ceased from continuing with such practices as soon as it was advised that the said acts were improper. That the Petitioner has no knowledge that said representations are incorrect.
`5. That the Respondents' acts as delineated in the Petition filed herein be found contemptuous and such future acts be enjoined  but an adjudication of contempt thereof be withheld.
`6. That Petitioner recognizes the cooperation of the individual Respondent during the investigation and progress of this cause, and the Board of Bar Examiners will be so apprised.
`7. That an Opinion of the Supreme Court of Florida be requested declaring said acts to be improper so that all persons similarly situate or who are so disposed will be on notice that the complained of acts are obnoxious to the public's welfare and that the Bar's efforts will be everlasting to the end of bringing all trespasses of the law to the Bar of Justice.'
"CONCLUSIONS

"The above stated services rendered by the Respondents were for renumeration pursuant to a business arrangement primarily to advance the contractual interest of the broker and not otherwise for the advancement or protection of their property interest or permitted business interest. The seller was of a third-party beneficial status. The services rendered under the circumstances above stated amounts to engaging in the business of practicing law.
"The impugned transaction seems to be in isolation to the regular or customary business of the respondents, except when title insurance is obtained through the Columbia Title. However, there is some evidence that similar transactions may have occurred occasionally in previous years when title insurance was not involved. The closing statement is a fiscal matter material only to the discharge of a fiduciary obligation to the seller, which is not practicing law.
"The Respondents have not been obdurate, but have been cooperative and seem ready to yield to and willingly abide by a clear determination of their duties; no drastic action seems necessary."
We approve and adopt the report of the referee. The acts complained of do constitute the unauthorized practice of law.[1]
It is therefore the order of this court that the practices delineated in the petition be and the same are hereby enjoined.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] Cooperman v. West Coast Title Co., 75 So.2d 818 (Fla. 1954); Keyes Co. v. Dade County Bar Ass'n., 46 So.2d 605 (Fla. 1950); see also, Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 159 A.L.R. 268 (1944).