310 So.2d 371 (1975)
Vernon D. HARVEY and Alice E. Harvey, His Wife, Appellants,
v.
J & H HOLDINGS, INC., an Ohio Corporation for the Use and Benefit of Lawyers Title Insurance Corporation, a Virginia Corporation, Appellee.
No. 74-521.
District Court of Appeal of Florida, Second District.
April 9, 1975.
Robert C. Widman, of Diez & Dunkin, Englewood, for appellants.
John M. Dart, Jr., of the Law Offices of Arthur M. Bell, Sarasota, for appellee.
BOARDMAN, Judge.
Appellants/defendants, Vernon D. Harvey and Alice E. Harvey (sellers), timely appeal an adverse final summary judgment entered by the trial court in favor of the appellee/plaintiff, J & H Holdings, Inc. (buyer), in which the sellers were ordered to pay the sum of $6,325.32, plus court cost.
This controversy initially arose out of a real estate transaction entered into between the sellers and the buyer. The precise question presented to us is whether the sellers complied with their covenant respecting the character of the title they agreed to convey. The facts are not in dispute; but, we feel it may be helpful as background to summarize them.
The sellers entered into a written sales agreement with the buyer to convey a certain parcel of land, consisting of approximately 10 acres situate in Sarasota County. The agreement, in pertinent part, provided:
... Sellers ... convey title to the premises to the buyer, by a good and sufficient warranty deed, warranting title to be free and clear of all liens and encumbrances, except the water easement set forth above, restrictions and conditions of record... .
*372 It was agreed between the parties that the title search would be made by Lawyers Title Insurance Corporation (title insurer). The transaction was subsequently closed without incident. The buyer took title and possession of the property. Neither the sellers nor the buyer was represented by an attorney at the closing. As was agreed, title insurer issued an owners' title insurance policy to the buyer and prepared the warranty deed conveying the property. At the request of the sellers the title insurer issued a mortgagees' insurance policy in the amount of the purchase money mortgage.
After the buyer took possession, it learned that the sellers had granted an easement over this property to an abutting property owner. The easement was duly recorded among the public records of Sarasota County, for a period of about ten years prior to the date of closing. No reference or exception was made of the existence of the easement either in the owners' title insurance policy or the warranty deed signed by the sellers.
The buyer then sued the title insurer in a separate action for money damages for its negligence in failing to advise the buyer of the record easement. The result of which action was that final judgment was entered by the trial court, after jury verdict, against the title insurer in favor of the buyer in the amount of $7,825.23, which sum included $5,350 as damages to the property by virtue of the easement; $975.23 court costs, and $1,500 as attorney's fee.
There is no dispute that under the provisions of the owners' title insurance policy the title insurer had the right of subrogation and thus became subrogated to the rights of its insured, the buyer. In said action the trial court entered partial summary judgment in behalf of the buyer ruling that the easement constituted a legal encumbrance and a defect on the title. Title insurer satisfied the judgment. The instant action was instituted by the buyer for the use and benefit of the title insurer against the sellers for reimbursement of the money it had paid to the buyer.
The main thrust of the sellers' argument is that the title insurer, having issued the title insurance policy and prepared the warranty deed, is estopped from recovery against the sellers because of its own negligence. We cannot agree that the sellers can successfully rely on the theory of estoppel, under the facts presented, to bar recovery by the title insurer. The sellers urge that they are free from liability as to title insurer by having been issued a mortgagee insurance policy. This position is not tenable for the record shows that one of the mortgagee policy provisions clearly states that it did not insure against any loss by reason of defects or encumbrances created by or known to the sellers. There is no question that the sellers should have had knowledge of the easement. The record shows it was the sellers who granted the easement to Stanley E. Harvey and Ruth Harvey, husband and wife, presumably persons related to the sellers. Further, and more significantly, the said easement granted not only the permanent right of ingress and egress over the purchased lands, but also gave the grantees the right to dig soil and to widen an existing canal. The sellers also contend that the easement in issue was duly recorded among the public records and, therefore, the title insurer had constructive knowledge of its existence. It is apparent that the title insurer was put on constructive notice of the easement. As a consequence, it was negligent in not disclosing the existence of the said encumbrance to the buyer after it had examined the title. It cannot be said, however, that the title insurer owed the same duty to the sellers that it did to the buyer. Put another way, the sellers do not stand in the shoes of the buyer. We can find absolutely nothing in the record to indicate that the encumbrance, i.e., easement, supra, should be excluded from the operation of the covenant of the sellers to convey title by general warranty deed free and clear of all encumbrances. The sellers simply *373 did not convey title to the property as they had agreed to do.
Lastly, we do not find a scintilla of evidence in the record which indicates that the title insurer in handling this real estate transaction exceeded the limitations and conditions imposed upon it by established case law of this state. See Florida Bar v. McPhee, Fla. 1967, 195 So.2d 552, in which that court's decision in the earlier case of Cooperman v. West Coast Title Company, Fla. 1954, 75 So.2d 818, was left undisturbed.
Accordingly, we
Affirm.
McNULTY, C.J., and HOBSON, J., concur.