323 So.2d 562 (1975)
THE FLORIDA BAR, Petitioner,
v.
COASTAL BONDED TITLE COMPANY et al., Respondents.
No. 47999.
Supreme Court of Florida.
November 26, 1975.
H.L. Cooper, Jr., West Palm Beach, Richard C. McFarlain, and William B. Wiley, Tallahassee, for The Florida Bar, petitioner.
Ronald G. Thornton of Fisher, Sauls, Adcock, DeLoach & Gowen, Seminole, for respondents.
PER CURIAM.
This cause is before us on complaint of The Florida Bar against Coastal Bonded Title Company, Gerald Ferguson and Virginia Tupps alleging unauthorized practice of law and praying that respondents be required to show cause why they should not be enjoined by this Court for the unauthorized practice of law, that permanent injunction issue preventing and restraining respondents from engaging in the acts complained of and from otherwise engaging in the practice of law in Florida, and that this Court grant such other relief as deemed appropriate.
Rule Nisi was issued requesting respondents to show cause why they should not be charged in contempt of this Court for the unauthorized practice of law.
After filing of the complaint with this Court and issuance by us of a Rule Nisi, The Florida Bar and respondents entered into the following Stipulation and Joint Motion:
"The Petitioner, THE FLORIDA BAR, and the Respondents, COASTAL BONDED TITLE COMPANY, GERALD FERGUSON and VIRGINIA TUPPS, do hereby stipulate and jointly move as follows:
"1. That the allegations of the Petition Against Unauthorized Practice of Law filed by THE FLORIDA BAR are not contested.
"2. That the Respondents, GERALD FERGUSON and VIRGINIA TUPPS, in the capacity of either owner/manager/employee of the Respondent, COASTAL BONDED TITLE COMPANY, or otherwise, shall not prepare or cause to be prepared any of the following legal documents:
(1) Contract of purchase and sale for realty or any other document having the *563 force and effect of a contract for the purchase and sale of realty,
(2) Bill(s) of sale for personalty,
(3) Subdivision restrictions, and/or
(4) Any other legal instruments which do not represent legal documents necessary to fulfill conditions contained in a title insurance commitment issued by Respondent, COASTAL BONDED TITLE COMPANY.
"3. That Respondents, GERALD FERGUSON and VIRGINIA TUPPS, in the capacity of either owner/manager/employee of Respondent, COASTAL BONDED TITLE COMPANY, or otherwise, shall not render legal advice to suggest to, proffer to, or otherwise counsel prospective or actual parties to a real estate transaction in reference to any legal matter. In particular, Respondents shall not suggest that a particular form contract of purchase and sale or other document intended to be contract of purchase and sale or having the force and effect of a contract of purchase and sale, is appropriate and/or legal for the particular transaction contemplated or involved.
"4. That Respondents, GERALD FERGUSON and VIRGINIA TUPPS, in the capacity of either owner/manager/employee of Respondent, COASTAL BONDED TITLE COMPANY, or otherwise, shall not furnish blank contracts of purchase and sale or other documents having the force and effect of a contract of purchase and sale to prospective or actual parties to a real estate transaction wherein it is suggested that one of the parties involved can prepare said contract under the supervision of the Respondents or that Respondents will assist them in the drafting of said contract or that Respondents will ensure that said contract is legal.
"5. That Respondents, GERALD FERGUSON and VIRGINIA TUPPS, in the capacity of either owner/manager/employee of Respondent, COASTAL BONDED TITLE COMPANY, or otherwise, shall not hold themselves out by words or conduct as having legal expertise in real property transactions or other legal matters and, furthermore, when questioned as to legal rights and/or duties by a party to any real estate transaction shall affirmatively represent that they do not represent their legal rights and that only a licensed attorney-at-law can perform that function on their behalf.
"6. That Respondents shall forthwith cease and desist from furnishing to clients or prospective clients such documents as Contract(s) for Sale of Real Estate, Bill(s) of Sale for personalty and/or any other document(s) having or appearing to have the force and effect of a contract of purchase and sale of real estate.
"7. That Respondents are now familiar with the decisions of the Supreme Court of Florida in Cooperman v. West Coast Title Company, et al., 75 So.2d 818 (Fla. 1954); The Florida Bar v. McPhee, 195 So.2d 552 (Fla. 1967); The Florida Bar v. Columbia Title of Florida, 197 So.2d 3 (Fla. 1967); The Florida Bar v. American Legal and Business Forms, Inc., 274 So.2d 225 (Fla. 1973), and they will fully and faithfully comply with those decisions.
"8. That Petitioner and Respondents jointly move the Court to withhold any adjudication of contempt in this cause and as an alternative to enter a permanent injunction against Respondents from engaging in the aforedescribed activities which constitute the unauthorized practice of law and from otherwise engaging in the practice of law in the State of Florida."
The Stipulation and Joint Motion is hereby approved.
*564 Accordingly, it is ordered and adjudged that in accordance with the stipulation, Rule Nisi is discharged, adjudication of contempt is withheld, and respondents are permanently enjoined from engaging in the aforedescribed activities which are stipulated to constitute the unauthorized practice of law and from otherwise engaging in the practice of law in the State of Florida.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.