691 F.2d 991
 FAIRMONT-TILLETT, LIMITED, # 1, a Florida Limited
Partnership, for the Use and Benefit of AMERICAN
TITLE INSURANCE COMPANY, INC., Plaintiff-Appellee,
v.
FIRST MEMPHIS REALTY TRUST, a Massachusetts Business Trust,
Defendant-Appellant.
 No. 82-5608
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 15, 1982.
 
 Winchester, Huggins, Charlton, Leake, Brown & Slater, Stanley M. Huggins, Ann W. Langston, Memphis, Tenn., for defendant-appellant.
 Cooper, Rives, Strohauer & Teevan, Ronald P. Teevan, Clearwater, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY, VANCE and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a diversity action controlled by Florida law. A title insurance company, as subrogee of the purchaser, obtained a damage award against the seller in a suit on the Warranty Deed because of an encumbrance to the title, neither excepted from the seller's warranty nor discovered by the title company's admittedly negligent search. The seller held a mortgagee title policy from the insurance company.
 
 
 2
 Under the Florida case of Harvey v. J. & H. Holdings, Inc., 310 So.2d 371 (Fla. 2d D.C.A.1975), the controlling issue is whether the seller had knowledge of the restrictive encumbrance. Based on the evidence that the seller's title policy received on the purchase of the property some years earlier contained an exception setting forth the restrictions, the district court found the sellers did have knowledge of these restrictions.
 
 
 3
 This finding is not clearly erroneous. To the contrary, it seems compelled. The seller is a business entity. Perhaps the individuals involved on behalf of the seller did not remember the papers received at purchase, or did not bother to look at them. Nevertheless, the entity can be held to know what is or should be in its own files concerning the property sold. This is not constructive knowledge, as argued in the brief for the seller, but actual knowledge. Thus the Harvey case setting forth Florida law is squarely controlling. Contrary to seller's argument that this holding would require a seller to obtain an independent and duplicate title search at the time of sale, it only has to examine its own files, recall and disclose what it already knows.
 
 
 4
 AFFIRMED.