**In re James M. and Cheryl HAGLE, Debtors.**

**Bankruptcy No. 86–5714–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 15, 1988.

David DeSerio, R.C. Fernon, Tampa, Fla., for debtors.

Jay Verona, St. Petersburg, Fla., for Attys. Title Ins. Fund.

Lynn England, Tampa, Fla., Asst. U.S. Trustee.

### ORDER ON OBJECTION TO CLAIM NO. 89 OF ATTORNEY'S TITLE INSURANCE FUND

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Debtors' Objection to Claim No. 89 filed by Attorney's Title Insurance Fund. At the duly scheduled and noticed hearing on the Objection to the Claim, the Court heard argument of counsel, considered the record, and finds that the pertinent facts relevant to a resolution of the controversy to be as follows:

At the time relevant to the matter under consideration, the Debtor, James M. Hagle, was the record owner of certain real estate located in Polk County, Florida. It appears that in 1982 and 1983 ad valorem taxes were assessed against the property in the amounts of $225.42 and $237.11, respectively. It is undisputed that the Debtor never paid these ad valorem taxes.

On June 23, 1986, pursuant to a contract to sell real estate, the Debtors transferred the subject property to Lakeside Inns, Inc., warranting that the property was free and clear of all liens. In connection with the transaction, Claimant issued an owner's title insurance policy to the purchaser without exception to the ad valorem taxes notwithstanding the fact that they had not been satisfied. Upon learning of the defects in their title, Lakeside instituted suit against the Claimant in which judgment was entered in favor of Lakeside. Subsequently, Claimant was required to pay $723.35 in satisfaction of the outstanding taxes and thereby became subrogated to the rights of Lakeside Inns.

On September 26, 1986, Debtors filed their petition for relief under Chapter 11. The Claimant filed its proof of claim in the Debtors' bankruptcy case on March 7, 1988, to which the Debtors filed their objection, contending that the claim filed by Attorney's Title Insurance arose through the negligence of the Claimant and that, therefore, they were not liable to the Claimant for any amounts. The main thrust of the Debtors' argument is that the title insurer, having issued the title insurance policy and prepared the warranty deed, is estopped from recovery against the Debtors because of its own negligence. In support of its proposition that their claim should be allowed, the Claimant cites the case of *Harvey v. J.H. Holdings, Inc.*, 310 So.2d 371 (2d D.C.A.1975) In *Harvey* the sellers of certain real estate agreed to convey title to the buyers by sufficient warranty deed, warranting title to be free and clear of all liens. The title insurer, Lawyers Title Insurance Corporation, issued an owner's title insurance policy to the buyer. After the buyer took possession, it learned that an easement over the property had been granted by the Sellers to an abutting property owner. The buyer sued the title insurer for money damages and a final judgment was entered by the trial court in favor of the buyer in the amount of $7,800.00. The title insurer and subrogee of the buyer then sued the seller for reimbursement of the money it had paid to the buyer. The sellers in *Harvey*, as the Debtors in this present case, urged that they were free from liability to the title insurer because the title insurer was estopped from

recovery because of its own negligence. The court there, however, held that the insurer was not estopped from suing to collect reimbursement from the sellers because the sellers themselves had granted the easement in question and it was a matter of public record. Similarly, in the present case, the Debtors knew of the taxes assessed against their real property. Pursuant to the sales transaction, Debtor warranted that his title was free and clear of all liens. While it is true that the title insurance company, the Claimant, was negligent in not finding and disclosing the defects in this title to the buyers, the same cannot be said vis-a-vis the sellers. Put another way, the title insurance company does not owe any duty to the seller/Debtor and, therefore, it may make a claim for reimbursement of the money paid to the buyers.

Based on the foregoing, this Court is satisfied that the Debtors' Objection to Claim No. 89 of Attorney's Title Insurance Fund be, and the same is hereby, overruled and the claim is allowed as filed.