PER CURIAM.
This case raises the issue of whether someone pursuing a civil cause of action under Chapter 395, Florida Statutes, the anti-dumping statute, must comply with the pre-suit screening requirements of Chapter 766, Florida Statutes, the medical malpractice statute. As to this narrow question, we hold that the two statutes are separate and distinct. Therefore, ordinarily, a person seeking to pursue a civil cause of action solely within the confines of Chapter 395 needs only to establish that the plaintiff was “dumped” and that damages resulted.
*1013 A medical malpractice action under Chapter 766, on the other hand, which requires pre-suit screening procedures, involves proving that the medical care provided fell below a reasonable “standard of care”. To that extent, the two statutes are totally different and the requirements, if any, for filing under the statutes, are different, to-wit: The filing of a Complaint under Chapter 395 does not require that a pre-suit screening notice be given.
However, the respondent/plaintiff in this case, in filing the Complaint, specifically alleged that the defendants/ petitioners failed to “... treat[ ] his arm appropriately and provid[e] follow-up treatment .... ” (emphasis added). By using the word “appropriately” in his allegations, he raised the issue of the quality of health care provided, as distinguished from the refusal to provide any medical treatment at all by “dumping”. Consequently, although this case was filed under Chapter 395, it necessitates proving matters that are, in essence, medical malpractice issues because, in reality, this case is actually a “medical malpractice” case masquerading as an “anti-dumping” case. Accordingly, because of the “medical malpractiee”-type issues that are in the Complaint, the plaintiff below would have had to comply with the pre-suit screening requirements of Chapter 766.
In view of the fact that the time for complying with the above described pre-suit requirements of Chapter 766 had expired, the lower court ignored the essential requirements of the law in denying Petitioners’ motions to dismiss the Amended Complaint. Accordingly, we grant certio-rari and remand this matter to the lower court for further proceedings consistent with this opinion.