988 So.2d 1157 (2008)
Mary Therese CHARLES, etc., Appellant,
v.
FLORIDA FORECLOSURE PLACEMENT CENTER, LLC., etc. et al., Appellees.
Nos. 3D07-3205, 3D07-3134.
District Court of Appeal of Florida, Third District.
August 6, 2008.
*1158 James Jean-Francois, for appellant.
Bradford J. Beilly and John Strohsahl, Ft. Lauderdale, for appellees Envision Funding, LLC and Cesar Jose; Bogert & Rembold and Jeffrey F. Bogert, Coral Gables and Mark D. Bohm, Miami, for appellee Quantum Title Services, LLC.
Before WELLS, ROTHENBERG, and SALTER, JJ.
WELLS, Judge.
In this consolidated appeal, Mary Therese Charles appeals separate orders dismissing her action against Quantum Title Services, LLC, Envision Funding, LLC, and Cesar Jose, Envision's principal, for failure to state a cause of action. Because the complaint alleges sufficient facts to state at least one cause of action against each of these parties, we reverse.
We review the instant dismissal orders de novo. Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003) ("Because a ruling on a motion to dismiss for failure to state a cause of action is an issue of law, it is *1159 reviewable on appeal by the de novo standard of review."). The facts as stated in the complaint, which must be accepted as true and viewed in a light most favorable to Charles, are as follows:
Charles, a seventy-two-year-old widow, is the owner of a home that she purchased in 1975. In 2003, Charles mortgaged her home, which had been unencumbered since 1989, to secure an $81,000 loan. Two years later, she mortgaged it again to secure an additional $35,000 debt. Foreclosure proceedings were instituted against Charles in January 2006 after she defaulted on this second mortgage.
Shortly after the foreclosure action was filed, Charles received an unsolicited visit from an individual named Winston who represented himself as an agent of Florida Foreclosure Placement Center ("FFPC"). According to the complaint, Winston assured Charles that FFPC was not a mortgage broker or realtor and that FFPC could help her save her home without losing ownership. After agreeing to FFPC's help, Charles accompanied Winston to a Notary Public located near her Liberty City home where she signed a power of attorney in favor of FFPC. Two months later, Winston sent Charles to Quantum to execute documents that purportedly would save her home from foreclosure without jeopardizing her ownership. Charles did not, however, execute documents that would preserve her ownership interest, but executed instead documents prepared by Quantum closing the sale of, and transferring title to, Charles' home to Jacqueline Pierre-Andre, an individual who Charles had never heard of or met and who was not present at the closing of this sale. This "sale" was financed with the proceeds of two loans in the total amount of $165,000 brokered by Cesar Jose, the principal of Envision.[1]
On learning that she no longer owned her home, Charles sued all those involved in this transaction.[2] As to Quantum, the title agency that prepared the documents for and conducted the closing of the sale of her home, Charles sought to recover for claims sounding in negligence, fraud, and conspiracy to defraud. As to the mortgage broker, Envision, which secured the new loans so that Pierre-Andre could purchase Charles' home, Charles sought to recover for claims sounding in negligence, fraud, and conspiracy to defraud. As to Envision's principal, Cesar Jose, Charles sought to recover for claims sounding in fraud and conspiracy to defraud. The court below dismissed all of these claims for failure to state a cause of action and dismissed the action with prejudice as to all three defendants.[3] While we agree that the complaint is inartfully drafted, it adequately states at least one cause of action against each defendant so as to preclude their dismissal from this action with prejudice.

1. Conspiracy to defraud
Specifically, the complaint alleges sufficient facts to state a cause of action for conspiracy to defraud against all three of these parties. "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or *1160 to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997); see Witmer v. Dep't of Bus. & Prof'l Regulation, Div. of Pari-Mutuel Wagering, 631 So.2d 338, 342 (Fla. 4th DCA 1994) (observing that an "[a]greement is a necessary element of the crime of conspiracy, which is defined as an express or implied agreement of two or more persons to engage in a criminal or unlawful act"); Nicholson v. Kellin, 481 So.2d 931, 935 (Fla. 5th DCA 1985) (stating that "[a] conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose by unlawful means"). Each coconspirator need not act to further a conspiracy; each "need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." Donofrio v. Matassini, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987) (also stating that "[t]he existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence"); see also Nicholson, 481 So.2d at 935 (confirming that an act done in pursuit of a conspiracy by one conspirator is an act for which each other conspirator is jointly and severally liable).
In this case, Charles alleges that FFPC (and its agent Winston) lied to her when it told her that it was going to save her home without affecting title, while really intending to defraud her of the substantial equity (approximately $55,000) in that home. Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949, 950 (Fla. 3d DCA 1984) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff."); see also Raimi, 702 So.2d at 1284 (finding that "an actionable conspiracy requires an actionable underlying tort or wrong"). According to the complaint, FFPC carried out the intended fraud by enlisting the agreement and assistance of a straw buyer (Pierre-Andre), a mortgage broker (Envision and its principal), and a closing agent (Quantum Title), all of whom or which acted in concert with FFPC by participating in a sham "sale" that satisfied Charles' existing debts and replaced them with new financing which generated fees, costs and net proceeds pocketed by the co-conspiratorsbut not by Charles. Because we believe this is enough to state a claim for conspiracy to defraud, we reverse dismissal of this claim and remand for reinstatement of this action against all three defendants.

2. Fraud
We also find the facts alleged sufficient to withstand dismissal of the fraud counts against these defendants. See Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13, 15 (Fla. 3d DCA 2002) (stating that fraud is an intentional misrepresentation of a material fact made for the purpose of inducing another to rely, and on which the other reasonably relies to his or her detriment); Ward v. Atl. Sec. Bank, 777 So.2d 1144, 1146 (Fla. 3d DCA 2001) (concluding that fraud may be predicated on an intentional omission of a material fact). The complaint essentially alleges that Quantum knowingly concealed the nature of the documents that Charles was signing and, knowing that she believed that she was preserving her ownership interest, intentionally failed to disclose that the documents she was signing would transfer ownership to a straw buyer, all for the purpose of depriving her of the equity in her home. Even if somewhat inartfully stated, we find that the allegations of the complaint were sufficient to *1161 survive dismissal with prejudice, and, at a minimum, Charles should have been allowed to cure any defects. See Aspsoft, Inc. v. WebClay, 983 So.2d 761, 768 (Fla. 5th DCA 2008) (finding that claims should not have been dismissed with prejudice where defects in the claims could be cured by future amendment); Gandy v. Trans World Computer Tech. Group, 787 So.2d 116, 118 (Fla. 2d DCA 2001) ("A complaint should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief."); Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997) ("Where it appears from a conclusory allegation that a cause of action can be stated and the complaint cured by amendment, a trial court should not dismiss with prejudice."); Kairalla v. John D. & Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988) (finding that "a dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action").
The fraud claim against Envision and its principal also should not have been dismissed with prejudice at this stage of the proceedings. The gist of that claim is that these defendants participated in the fraud on Charles by securing loans for a known straw buyer who would "refinance" Charles' debt and take title to Charles' home, generating approximately $55,000 in equity (the difference between Charles' existing mortgages and the two new loans) in which Envision and its principal, but not Charles, would share. Although the complaint may not state a cause of action against Envision and Cesar Jose for fraud as currently drafted, we see no reason why Charles should not be afforded the opportunity to amend her complaint to state such a claim either now or at some future point in this litigation.

3. Negligence
It likewise does not appear that the complaint as currently drafted states a cause of action against Envision and its principal for negligence. See Williams v. Davis, 974 So.2d 1052, 1056 (Fla.2007) (stating the essential elements of a negligence claim as: (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) breach of duty by the defendant; (3) a reasonably close causal connection between the nonconforming conduct and the resulting injury to the claimant; and (4) actual harm). However, we see no reason why the complaint cannot be amended to adequately allege such a claim.
The negligence count as to Quantum does, however, state a cause of action and should not have been dismissed. That count states that Quantum, a title insurance agency, acted as the closing agent for this "sale." As such, it had a duty to act in a reasonably prudent manner by at least identifying what Charles was signing, specifically that one of the documents she signed was a closing statement for the sale of her property and that another was a deed to her property. See Land Title of Cent. Fla., LLC v. Jimenez, 946 So.2d 90, 93 (Fla. 5th DCA 2006) (finding that a title insurance agency which acts as a closing agent owes a duty to conduct the closing in a reasonably prudent manner); Sommers v. Smith & Berman, P.A., 637 So.2d 60, 61 (Fla. 4th DCA 1994) (same); Askew v. Allstate Title & Abstract Co., 603 So.2d 29, 31 (Fla. 2d DCA 1992) ("It is well-established that a title insurance company acting as a closing agent has the duty to supervise a closing in a `reasonably prudent manner.'" (quoting Fla. S. Abstract *1162 & Title Co. v. Bjellos, 346 So.2d 635, 636 (Fla. 2d DCA 1977))).
While it is clear that Quantum had no duty to explain the legal ramifications of these documents, it did have an obligation to at least identify them. See Fla. Bar v. Coastal Bonded Title Co., 323 So.2d 562, 563 (Fla.1975) (agreeing that a title company "shall not hold themselves out by words or conduct as having legal expertise in real property transactions or other legal matters and, furthermore, when questioned as to legal rights and/or duties by a party to any real estate transaction shall affirmatively represent that they do not represent their legal rights and that only a licensed attorney-at-law can perform that function on their behalf"); Fla. Bar v. McPhee, 195 So.2d 552, 554 (Fla.1967) (finding that a title insurance company may conduct real estate closings incident to fulfilling conditions in the title insurance commitment, but that it may not "giv[e] advice, orally or in writing, relating to the methods of taking title or concerning the legal effect of any document"); Bjellos, 346 So.2d at 637 (finding that the title company owed a duty under the particular circumstances of the case, but stating "[w]e do not suggest that the appellant was obliged to render a legal opinion upon the sufficiency of whatever documentation was furnished at closing"). Not only does the complaint allege that Quantum failed to identify what Charles signed, but also it alleges that had Charles been told that she was executing a deed and a closing statement for the sale of her home, she would not have executed these documents. Taken as a whole, the complaint states a claim against Quantum for negligence. We therefore reverse dismissal of this claim and remand for its reinstatement.

Conclusion
As stated in Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 501 (Fla. 4th DCA 2001):
[T]he Plaintiffs have amended their complaint only twice, not the four to ten times sometimes seen in other cases. The Plaintiffs have not abused the pleading process. Moreover, it appears the Plaintiffs either have, or could with minor change, state a cause of action upon the facts they have alleged. The Plaintiffs' interest in resolving this case on the merits outweighs any "time, effort, energy, and expense" [Defendant] might incur by continuing to defend itself at this juncture.
(Citations omitted).[4]
Accordingly, we reverse the instant dismissal orders and remand with instructions to reinstate this action as to all three defendants as stated herein.
NOTES
[1] Although this "sale" netted approximately $55,000, not one cent was paid to Charles because she had previously signed a document assigning the proceeds to FFPC.
[2] Charles alleges that Quantum failed to provide her with copies of the documents that she signed at the closing and that she did not learn that she had sold her property and assigned away the sale proceeds until a later date.
[3] The pleading dismissed with prejudice was only the Second Amended Complaint. The claims against FFPC and the other defendants remain pending in the lower court.
[4] Although we have said that amendments to pleadings should be liberally allowed "so that cases may be concluded on their merits," Alvarez v. DeAguirre, 395 So.2d 213, 216 (Fla. 3d DCA 1981), we have also recognized that "as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice." Kohn v. City of Miami Beach, 611 So.2d 538, 539 (Fla. 3d DCA 1992); Alvarez, 395 So.2d at 216 (stating that "a trial judge may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished"). Therefore, to the extent that Charles should choose to amend her pleadings on remand to state these or any other causes of action against the defendants, she should take great caution not to abuse the amendment privilege.