# Third District Court of Appeal

## State of Florida

Opinion filed June 08, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1711
Lower Tribunal No. 15-6875
_____

**Orlando Morejon and Annmarie Morejon,**
Appellants,

vs.

**Mariners Hospital, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Christopher J. Lynch, P.A., and Christopher J. Lynch; Roberts & Durkee, P.A., and David Durkee, for appellants.

Falk, Waas, Hernandez, Cortina, Solomon & Bonner, P.A., and Glenn P. Falk Jr.; and Richard A. Warren, for appellee Mariners Hospital, Inc.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

ROTHENBERG, J.

Dr. Orlando Morejon ("Dr. Morejon") and his wife, Annmarie Morejon, (collectively, "the Morejons") appeal the trial court's entry of a final judgment of dismissal in favor of one of the defendants below, Mariners Hospital, Inc. ("Mariners"). Because the Morejons failed to state a cause of action under section 395.1041, Florida Statutes (2011), and have not appealed the trial court's denial of their motion to amend, we affirm the trial court's final judgment of dismissal.

## BACKGROUND

In March 2015, the Morejons sued Mariners and South Miami Hospital ("South Miami") for violation of section 395.1041, entitled "Access to Emergency Services and Care," which we have previously referred to as the "anti-dumping statute." Porter, Brown, Chitty & Pirkle, M.D.P.A. v. Pearson, 793 So. 2d 1012, 1012 (Fla. 3d DCA 2001). The Morejons alleged that Mariners had a statutory obligation to transfer Dr. Morejon, and that Mariners violated the statute by calling only one hospital, South Miami, in an attempt to transfer Dr. Morejon for medical treatment.

The Morejons allege the following facts in their complaint, which we accept as true. See Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159 (Fla. 3d DCA 2008). In November 2011, Dr. Morejon presented at Mariners with abdominal pain. After it was determined that Dr. Morejon suffered from an emergency condition, the medical staff at Mariners decided that the best course of

2

action was to transfer Dr. Morejon to another hospital with a more specialized medical staff. Additionally, the Morejons requested a transfer because Mariners' list of service capabilities did not include the treatments necessary to care for Dr. Morejon. Mariners' medical staff attempted to transfer Dr. Morejon to South Miami. However, South Miami denied the transfer request, and Mariners did not attempt to transfer Dr. Morejon to another hospital. Instead, the general surgeon on call at Mariners performed an exploratory abdominal surgery, which was complicated by a spleen injury and cardiac arrest. Dr. Morejon was then transferred to Baptist Hospital for surgical intervention. While Dr. Morejon ultimately survived, the Morejons claim that Mariners' failure to effectuate a timely transfer worsened Dr. Morejon's condition.

In April 2015, Mariners moved to dismiss the Morejons' complaint. At a hearing on Mariners' motion to dismiss, the trial court found that: (1) the Morejons failed to allege that Mariners "dumped" or refused to treat Dr. Morejon in violation of section 395.1041; (2) nothing in section 395.1041 created a duty to transfer or required Mariners to transfer Dr. Morejon; and (3) the Morejons' claim is actually for medical malpractice and is not properly pled as a statutory violation because the allegations deal with the issue of the quality of the healthcare provided. The trial court also denied the Morejons' motion to amend the complaint because any medical malpractice claim that the Morejons might have had against

3

Mariners would be barred by the statute of limitations.[1] Thereafter, the trial court entered a final judgment of dismissal with prejudice.

The Morejons appeal from the final judgment of dismissal, arguing that they have stated a viable cause of action against Mariners for violating the statutory duty to transfer contained in section 395.1041. For the following reasons, we disagree.

## ANALYSIS

We review a trial court's ruling on a motion to dismiss de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So. 2d 582, 584 (Fla. 2000); Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 206 (Fla. 3d DCA 2003).

When interpreting the anti-dumping statute to determine whether it obligates hospitals to transfer patients, we are guided by "the polestar of statutory construction: plain meaning of the statute at issue." Acosta v. Richter, 671 So. 2d 149, 153 (Fla. 1996); Shelby Mut. Ins. Co. v. Smith, 556 So. 2d 393, 395 (Fla. 1990) ("The plain meaning of statutory language is the first consideration of statutory construction."). Thus, we begin with the text of the statute under review.

We find that subsection 395.1041(3)(c) directly answers the question of whether hospitals have a statutory duty to transfer patients. It states the following:

---

[1] § 95.11(4)(b), Fla. Stat. (2011) ("An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence.").

(c) A patient, whether stabilized or not, **may** be transferred to another hospital which has the requisite service capability or is not at service capacity, if

1. The patient, or a person who is legally responsible for the patient and acting on the patient's behalf, after being informed of the hospital's obligation under this section and of the risk of transfer, requests that the transfer be effected;

2. A physician has signed a certification that, based upon the reasonable risks and benefits to the patient, and based upon the information available at the time of transfer, the medical benefits reasonably expected from the provision of appropriate medical treatment at another hospital outweigh the increased risks to the individual's medical condition from effecting the transfer; or

3. A physician is not physically present in the emergency services area at the time an individual is transferred and a qualified medical person signs a certification that a physician, in consultation with personnel, has determined that the medical benefits reasonably expected from the provision of appropriate medical treatment at another medical facility outweigh the increased risks to the individual's medical condition from effecting the transfer. The consulting physician must countersign the certification . . . .

§ 395.1041(3)(c), Fla. Stat. (emphasis added). The permissive use of the word "may" in subsection (3)(c) clarifies that a hospital will not be obligated to transfer a patient simply because a patient, physician, or other qualified medical person requests that the patient be transferred. See Fixel v. Clevenger, 285 So. 2d 687, 688 (Fla. 3d DCA 1973) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'"); see also Rochester v. State, 95 So. 3d 407, 410 (Fla. 4th DCA 2012), approved, 140 So. 3d 973 (Fla. 2014). While in some circumstances, the word "may" can be interpreted to mean "must" or "shall," we find nothing in this statute

5

to support a mandatory reading of the word "may." See Sloban v. Fla. Bd. of Pharmacy, 982 So. 2d 26, 33 (Fla. 1st DCA 2008) (explaining the circumstances in which a court can interpret "may" to mean "shall" and "must"). We therefore find that section 395.1041 does not create a duty to transfer.[2]

We note that the Morejons could have initially alleged a cause of action for medical malpractice under these facts. However, the statute of limitations for medical malpractice has since passed, and the Morejons have not appealed the trial court's denial of their motion to amend their complaint, choosing instead to rely solely upon their claim for a statutory violation of section 395.1041.[3]

## CONCLUSION

Because the plain meaning of section 395.1041 specifically permits and does not obligate a hospital to transfer a patient to another hospital, we conclude that it does not create a statutory duty to transfer patients. We therefore reject the Morejons' claim that they have pled a viable statutory cause of action against

---

[2] Our holding does not limit or diminish the obligations of the hospital that receives a transfer request to accept a "medically necessary transfer." § 395.1041(3)(a)2.b. ("Every general hospital which has an emergency department shall provide emergency services and care for any emergency medical condition when: . . . Emergency services and care are requested on behalf of a person by: . . . Another hospital, when such hospital is seeking a medically necessary transfer, except as otherwise provided in this section.").

[3] The Morejons abandoned their argument that their complaint included a claim for ordinary negligence during oral argument. Even if they had not done so, we find the argument unpersuasive. We therefore decline to discuss it further.

Mariners stemming from the failure to transfer Dr. Morejon. Accordingly, we affirm the trial court's final order of dismissal with prejudice.

Affirmed.