# Third District Court of Appeal
## State of Florida

Opinion filed December 7, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0012
Lower Tribunal No. 21-425-K
_____

**Sanford Berris,**
Appellant,

vs.

**Chicago Title Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

W. J. Barnes, P.A., and W. Jeffrey Barnes (Boca Raton), for appellant.

Fidelity National Law Group and Michele A. Cavallaro (Fort Lauderdale), for appellee.

Before SCALES, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See Vorbeck v. Betancourt, 107 So. 3d 1142, 1148 (Fla. 3d DCA 2012) (noting that "the rule of preservation applies to the improper dismissal of a complaint with prejudice" and holding that the appellant waived a challenge to an unrequested dismissal with prejudice when the appellant never requested leave to amend the complaint and "failed to raise any issue at the trial level with respect to the improper dismissal with prejudice"); Century 21 Admiral's Port, Inc. v. Walker, 471 So. 2d 544, 545 (Fla. 3d DCA 1985) (rejecting review of dismissal with prejudice on the basis that "appellants' failure to seek leave to amend prior to the dismissal with prejudice or to move for rehearing requesting leave to amend, precludes consideration of the issue for the first time on appeal"); Harvey v. J & H Holdings, Inc., 310 So. 2d 371, 372 (Fla. 2d DCA 1975) (finding that title insurer was not estopped from bringing suit against seller of real property for reimbursement of monies paid to buyer following buyer's successful claim for failure to disclose encumbrances because insurer's duty was to buyer, not seller); Union Oil of Cal. Amsco Div. v. Watson, 468 So. 2d 349, 354 (Fla. 3d DCA 1985) (noting that voluntary dismissal of a complaint is not typically a "bona fide termination" for purposes of a malicious prosecution claim except where the dismissal "reflect[s] on the merits, as where the record contains evidence indicating a lack of probable cause"); Nourachi v. First

2

Am. Title Ins. Co., 44 So. 3d 602, 605 (Fla. 5th DCA 2010) (explaining nature and purpose of title insurance, including how "the general rule is that where a title company issues a policy in conjunction with the insured's purchase of property, the title company is obligated to answer for any defect that is a matter of public record which is not excepted by the policy").