519 So.2d 1102 (1988)
Adrienne CHIRON, Appellant,
v.
ISRAM WHOLESALE TOURS AND TRAVEL LTD., Appellee.
No. 87-647.
District Court of Appeal of Florida, Third District.
February 9, 1988.
*1103 Marks, Aronovitz & Leinoff and Paul Jacobs, Miami, for appellant.
Shapiro & Weil, North Bay Village, and L. George Scheer, Boynton Beach, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
This appeal is from an order dismissing a complaint with prejudice. No error is demonstrated in the trial court's dismissal of count III of Chiron's complaint seeking an accounting based on an oral contract for employment. The trial court's dismissal of counts I and II is reversed.
"The only determination a court undertakes in considering a motion to dismiss for failure to state a cause of action is whether, upon examination of the four corners of the complaint, the allegations are sufficient to sustain a claim for relief." Green v. Harry Savin, P.A., 455 So.2d 494, 495 (Fla. 3d DCA 1984).
Count I states a cause of action for breach of contract. The fact that one or more of the other named defendants has not been served is, alone, no basis for dismissal. Count II of the complaint alleges all of the elements essential to a cause of action for fraud. See Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984).
In count III of the complaint, however, Chiron attempts to state a cause of action for an equitable accounting on grounds that "[t]he nature of the business of the Defendants and the commissions owed Plaintiff are of such complexity as to compel an accounting" and that "there exists no adequate remedy at law." Although there can be grounds for an equitable accounting "where the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity," F.A. Chastain Constr. Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962), the evidentiary facts alleged by Chiron in her complaint show neither complexity nor inadequacy of a legal remedy.
On review of an order dismissing a complaint for an equitable accounting, where it is contended that legal remedies are inadequate, the test is whether there has been an abuse of discretion by the trial court. See Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321, 1323 (Fla. 4th DCA) ("In the absence of an abuse of discretion, the trial court's dismissal with prejudice will not be disturbed."), cert. denied, 362 So.2d 1051 (Fla. 1978); Smith v. Jacksonville Terminal Employees Fed. Credit Union, 193 So.2d 436, 436-37 (Fla. 1st DCA 1967) (dismissal of third amended complaint seeking accounting upheld where "[n]o justiciable issues between plaintiff and defendants are sufficiently alleged, and it affirmatively appears that plaintiff's cause of action, if any, is at law...."). No such abuse is shown here as count I of the complaint alleges an uncomplicated oral agreement for short term employment, the terms for compensation, and a breach of the agreement. Those same facts do not warrant an action for an accounting.
Affirmed in part, reversed in part, and remanded for further proceedings.