613 So.2d 544 (1993)
Ramon RIOS and Riversant Corp., N.V., Appellants,
v.
McDERMOTT, WILL & EMERY and Charles Intriago, Appellees.
No. 91-2737.
District Court of Appeal of Florida, Third District.
February 2, 1993.
Rehearing Denied March 16, 1993.
Jerry B. Schreiber, Miami, for appellants.
Steel Hector & Davis and Brian J. Stack, Miami, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
LEVY, Judge.
Appellants, who were the plaintiffs below, were property owners who now appeal the dismissal, with prejudice, of their fifth amended complaint in a negligence action against the appellees, a law firm.
Appellants Ramos Rios and Riversant Corp., N.V., retained the law firm of McDermott, Will & Emery and Charles Intriago to clear title to some property, *545 owned by Rios, called the Powergate Plaza. Rios was attempting to sell the Powergate Plaza when an unidentified third party recorded a lis pendens on the property. When Rios obtained a buyer for the property, the sale fell through because title had not been cleared.
Thereafter, title was cleared by appellees, and Rios accepted a second offer to buy for $500,000.00 less than the prior offer. Rios filed a complaint against appellees, claiming that, as a result of the law firm's negligence, he was damaged for the lost profits on the final sale of the property, as well as interest payments made by Rios to his lenders from the date of the first offer until the date the property was finally sold. After several dismissal's of Rios' various amended complaints, the trial court dismissed the fifth amended complaint with prejudice because Rios failed to allege any of the "ultimate facts" necessary to permit appellees to frame an answer. Rios appeals the final order dismissing the action with prejudice.
We hold that the trial court properly dismissed the fifth amended complaint because it failed to state a cause of action.
First, the complaint failed to allege sufficient ultimate facts to state a cause of action for legal malpractice. Although "formalistic rules of common law pleading have been replaced by the more liberal `notice pleading,' it remains necessary in the setting of a legal malpractice case to plead more than the naked legal conclusion that the defendant was negligent." Arky, Freed, Stearns, Watson, Greer, Weaver & Harris v. Bowmar Instrument Corp., 527 So.2d 211, 212 (Fla. 3d DCA 1987), disapproved of on other grounds, 537 So.2d 561 (Fla. 1988). See also Brown v. Gardens by the Sea South Condominium Ass'n, 424 So.2d 181, 183 (Fla. 4th DCA 1983) ("Florida uses what is commonly considered as a notice pleading concept and it is a fundamental rule that the claims and ultimate facts supporting same must be alleged. The reason for the rule is to appraise [sic] the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient."). The complaint does not state what appellees may have done wrong in its efforts to remove the lis pendens, and does not illuminate any of the specifics of the alleged malpractice. The allegation that appellees "failed to timely act" is an insufficient legal conclusion, and not an ultimate fact.
The allegation that appellees did not render status reports is insufficient to support the legal malpractice claim because the alleged damages do not flow from the failure to give status reports. This Court has previously ruled that an alleged violation of the Code of Professional Responsibility does not state a cause of action for legal malpractice.
The trial court was also correct in rejecting Rios' attempts to use discovery as a substitute for requiring allegations of ultimate facts. Romans v. Warm Mineral Springs, Inc., 155 So.2d 183 (Fla. 2d DCA 1963).
Affirmed.
JORGENSON, J., concurs.
NESBITT, Judge (dissenting):
I respectfully dissent. In any legal malpractice suit, the plaintiff is required to plead and prove (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973) (citing Maryland Casualty Co. v. Price, 231 F. 397 (4th Cir.1916)); see also Riccio v. Stein, 559 So.2d 1207 (Fla. 3d DCA), review dismissed, 567 So.2d 436 (Fla. 1990); Maillard v. Dowdell, 528 So.2d 512 (Fla. 3d DCA), review denied, 539 So.2d 475 (Fla. 1988). The allegations of the plaintiffs' complaint established their attorneys' employment, the attorneys' neglect of duty, and the loss proximately caused by the attorneys' negligence. Specifically, Rios had employed Intriago to close the transaction when a third party recorded a lis pendens. Obviously, either negotiation or legal action was required to clear that kind of problem. The amount of time required *546 was obviously unpredictable. Consequently, the last amended complaint, which alleged that Intriago "failed to act timely," was the best and most a pleader could have meaningfully pled with respect to that aspect of the alleged negligence. Therefore, I think the allegations were sufficient to state a claim of legal malpractice under the circumstances. I would reverse the dismissal, with prejudice, of the plaintiffs' fifth amended complaint and require the defendant to answer.