672 So.2d 897 (1996)
BANKERS TRUST REALTY, INC., Appellant,
v.
Alan KLUGER, Howard Dubosar and Kluger, Peretz, Kaplan & Berlin, P.A., Appellees.
No. 95-425.
District Court of Appeal of Florida, Third District.
May 8, 1996.
*898 Friedlander & Associates, and Bruce D. Friedlander, Miami Beach, for appellant.
Rumberger, Kirk & Caldwell, M. Stephen Smith and Joshua D. Lerner; Kluger, Peretz, Kaplan & Berlin, and Alan Kluger, Miami, for appellees.
Before BARKDULL, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Bankers Trust Realty, Inc., appeals from an adverse final order dismissing with prejudice, for failure to state a cause of action, its third amended complaint against the attorneys Alan Kluger and Howard Dubosar and their law firm, Kluger, Peretz, Kaplan & Berlin, P.A. We affirm.
First, the defendant's complaint fails to allege sufficient ultimate facts to state a cause of action for legal malpractice. The complaint does not state any of the specifics of the alleged malpractice; rather, it merely states the insufficient legal conclusion that the attorneys "negligently, carelessly, unskillfully and tardily conducted the ... action and delayed obtaining a judgment therein...." Rios v. McDermott, Will & Emery, 613 So.2d 544, 545 (Fla. 3d DCA 1993) (holding that "[t]he allegation that [an attorney] `failed to timely act' is an insufficient legal conclusion, and not an ultimate fact" that will not support a cause of action for legal malpractice). Additionally, there are no facts alleged that support a causal connection between the alleged acts that the attorneys committed and the alleged damages suffered by the defendant. Therefore, as to this count, the trial court properly dismissed it with prejudice.
Second, the trial court did not abuse its discretion by dismissing defendant's claim for an equitable accounting with prejudice. To state a claim for an equitable accounting, the plaintiff must allege that "the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity." F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962). In the instant case, the evidentiary facts alleged in the complaint show neither complexity nor the inadequacy of a legal remedy. The relationship between the parties lasted at most thirteen months and involves a dispute of at most $14,000. Chiron v. Isram Wholesale Tours and Travel Ltd., 519 So.2d 1102, 1103 (Fla. 3d DCA 1988) (holding that a complaint, alleging an "uncomplicated oral agreement for short term employment, the terms for compensation, and a breach of the agreement[,]... [does] not warrant an action for an accounting"). Therefore, as to this count, the trial court properly dismissed it with prejudice.
Lastly, the trial court properly dismissed the defendant's claim for breach of fiduciary duty with prejudice where it failed to allege sufficient ultimate facts to state a cause of action. In the instant case, although the defendant compiled a list of alleged breaches, there are no allegations as to what injury the defendant sustained as a result of those alleged breaches, nor how the injury is causally related to the alleged breaches. *899 Dillard Smith Constr. Co. v. Greene, 337 So.2d 841, 843 (Fla. 1st DCA 1976) (holding that a client's allegation that attorney had neglected to keep client informed, without more, lacks specificity as well as a causative relationship to client's alleged loss and is insufficient to state cause of action for legal malpractice).
We affirm.