807 So.2d 795 (2002)
Jeffrey PRATUS and Carol Pratus, Appellants,
v.
CITY OF NAPLES, Kevin Rambosk, Phillip Valdario, Flagship Real Estate Corporation, Marvin Needles, and Scott Needles, Appellees.
No. 2D01-1867.
District Court of Appeal of Florida, Second District.
February 22, 2002.
Douglas L. Wilson of The Wilson Law Firm, Naples, for Appellants.
*796 Robert G. Menzies of Roetzel & Andress, L.P.A., Naples, for Appellees.
CASANUEVA, Judge.
Jeffrey and Carol Pratus appeal the dismissal of their frequently amended complaint with prejudice. We affirm the dismissal as to Flagship Real Estate Corporation, Marvin Needles, and Scott Needles. We reverse as to the remaining parties.
Jeffrey Pratus, a resident of Marco Island in Collier County, which is not within the jurisdiction of the city of Naples, reported a possible bomb located outside his family's place of business in the city of Naples. The police were unable to determine who planted the bomb and were subjected to much criticism by the press for this failure. The police investigation then targeted Mr. Pratus. In an attempt to discover incriminating evidence, two city of Naples police officers entered the Pratus home under false pretenses, pretending to be potential purchasers of the home the Pratuses were leasing. The officers videotaped the interior of the home, and then a third officer, Phillip Valdario, swore out an affidavit based on the videotape to secure a search warrant. Although many items were seized during this search, the state attorney declined to prosecute. Thereafter, the police reported to the federal authorities that Mr. Pratus might be a worthwhile target for a federal investigation into mail fraud.
Feeling persecuted by this egregious police action, the Pratuses filed a lawsuit claiming that their civil rights were violated under 42 U.S.C. § 1983. They named as defendants the City of Naples, ostensibly for not properly monitoring its chief of police to prevent the actions they suffered; Kevin Rambosk, the chief of police of the City of Naples Police Department, for his deliberate indifference to the training of his officers; Officer Phillip Valdario for lying about the content of the videotape to secure a search warrant; and the Needleses and their realty company for cooperating with the police and telling the Pratuses that the two officers were prospective buyers. In count one of the complaint, all the defendants were named; in count two, only Officer Valdario; in count three, for declaratory and injunctive relief, all defendants were named.
We can appreciate the circuit court's frustration in trying to decipher the Pratuses' allegations in the numerous complaints before finally dismissing it with prejudice. It is not the court's function to educate a plaintiff in the requirements of proper pleading. To say merely that this complaint is not well pleaded is an understatement. It lacks minimal organization and coherence. Nevertheless, if what the Pratuses allege is true, their civil rights may have been violated.[1] Although the trial court generously permitted numerous attempts to replead, we believe there may be a viable cause of action and one more opportunity to properly plead should be allowed.
Florida Rule of Civil Procedure 1.110(b) requires each claim for relief to state a cause of action. In addition to the jurisdictional statement and the relief sought, the complaint must contain a plain statement of ultimate facts establishing entitlement to relief. For example, a bare allegation that a police officer misrepresented unspecified facts to a magistrate to secure a search warrant falls somewhat short of providing a clear basis for a cause *797 of action. The Pratuses probably have at least three separate theories or causes of action: one against the City of Naples, one against the chief of police, and one against the officer. Accordingly, each claim should be pleaded in a separate count instead of lumping all defendants together. We would also point out that rule 1.130(b) allows statements in a pleading to "be adopted by reference in a different part of the same pleading, in another pleading, or in any motion," thus permitting the pleader to identify concisely factual allegations common to multiple counts and theories.
On remand, the circuit court shall allow the Pratuses' counsel one further opportunity to plead a viable cause of action in accordance with the Florida Rules of Civil Procedure.
Affirmed in part; reversed in part; and remanded with instructions.
STRINGER and GREEN, JJ., Concur.
NOTES
[1] We hasten to add that this opinion should not be read as commenting in any manner on the merits of the case.