994 So.2d 505 (2008)
Maryse DIEUDONNE, Appellant,
v.
PUBLIX SUPER MARKETS, INC., Appellee.
No. 3D08-967.
District Court of Appeal of Florida, Third District.
November 19, 2008.
*506 Remer & George-Pierre, and Jason Remer, Miami, for appellant.
Ford & Harrison, and Edmund J. McKenna, and Benjamin R. Welling, Tampa, for appellee.
Before RAMIREZ, WELLS, and SALTER, JJ.
RAMIREZ, J.
Maryse Dieudonne appeals the dismissal of her complaint against Publix Super Markets, Inc., her former employer. We reverse because the trial court never gave Dieudonne the opportunity to amend her complaint.
Publix employed Dieudonne for several years. She filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which she alleged that Publix denied her training opportunities, wage increases, and requests to transfer to another store location. She also alleged that Publix took no action despite her complaints to her manager, district manager, and the human resources director. She further alleged that Publix did not give her any reasons for its actions. She further alleged as follows: "I believe that I have been discriminated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended." Dieudonne remained employed with Publix but resigned before the EEOC decided the charge.
The EEOC subsequently issued a Dismissal and Notice of Rights to Dieudonne, stating that it was "unable to conclude that the information obtained establishes violations of the statutes." Dieudonne filed a one count complaint against Publix. In the section titled "Allegations Common to All Counts," she raised Publix's lack of training and wage increases, and Publix's denial of requests to transfer to another store location. She alleged in Count I that Publix terminated her because of her age.
Publix moved to dismiss based upon Dieudonne's failure to exhaust her administrative remedies on her claim of unlawful termination because of age discrimination. Publix argued that Dieudonne did not include this claim in her initial charge. Dieudonne argued that she exhausted all of her administrative remedies because her complaint encompassed the termination issue. Her complaint also encompassed other examples of Publix's discriminatory actions that she referenced in her initial charge.
The trial court dismissed the complaint with prejudice on the basis that Dieudonne had failed to exhaust her administrative remedies. The court found that Dieudonne focused exclusively on the issue of termination in her complaint, and she failed to mention and incorporate the allegations of denied training, substandard wage increases or denied transfers. The court further found that, because her charge did not mention the issue of termination, it was inconsistent with the complaint. The complaint, thus, was beyond the scope of the Charge of Discrimination. Although we agree that the complaint was properly dismissed, the dismissal should have been without prejudice.
Under Florida Rule of Civil Procedure 1.190(a), the plaintiff may amend as a matter of course at any time before a responsive pleading is served. Here, Publix's motion to dismiss was not a pleading. Thus, Dieudonne could amend her complaint without leave of court. Further, *507 "[r]efusal to allow an amendment is an abuse of the trial court's discretion `unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" Gilbert v. Fla. Power & Light Co., 981 So.2d 609, 612 (Fla. 4th DCA 2008). As this was Dieudonne's first complaint, the privilege to amend had not been abused and we are not convinced that amendment would be futile. We therefore conclude that the trial court abused its discretion in not allowing Dieudonne to amend her complaint.
Reversed and remanded.