LAGOA, J.
 

 K.R. Exchange Services, Inc. (“K.R.-Israel”) appeals a final judgment dismissing with prejudice its legal malpractice claim against the law firm Fuerst, Humphrey, Ittleman [“FHI”] and attorney Andrew It-tleman. We affirm the trial court’s dismissal of the complaint, however, we reverse the order to the extent it dismisses the complaint with prejudice.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 K.R.-Israel, an Israeli corporation, and K.R. Services USA, LLC (“K.R.-USA”), a Florida corporation, were engaged in a money services business relationship.
 
 [1]
 
 K.R.-USA is a consultant for K.R.-Israel. In order to cash its checks, K.R-Israel deposited the checks in KR.-USA’s account at Regions Bank. For this service, KR.-Israel paid a commission to K.R.USA.
 

 This business relationship was interrupted when Regions Bank informed K.R.USA that it would no longer accept checks from K.R.-Israel. As a result, K.R.-Israel was required to outsource this service; K.R.-USA no longer received commissions, and K.R.-Israel paid significantly higher fees to third parties in order to process the checks.
 

 
 *892
 
 In an effort to resolve this problem for both companies, Michael Elmaleh, K.R.USA’s president, individually, and on behalf of K.R.-USA, retained FHI. The engagement letter/retainer agreement stated that the nature of the legal service is for
 
 “a
 
 written opinion concerning whether your business — KR Services USA — is required to register in the state of Florida as a money transmitting business, check cashing service, or other similarly regulated entity. We will also advise you on how to most effectively restructure and reorganize your various entities so as to create stronger relationships with banking institutions and regulatory authorities worldwide.” Ittleman provided the legal services for FHI under the agreement.
 

 When the legal representation proved unsatisfactory, K.R.-Israel and K.R.-USA attempted to file a single legal malpractice action against FHI and Ittleman.
 
 [2]
 
 In addition to the above-noted allegations, the complaint alleges that K.R.-Israel was an intended third-party beneficiary of FHI’s and Ittleman’s legal services to K.R.-USA, that FHI and Ittleman breached their duties to K.R.-Israel in their efforts to solve the business difficulties that ensued when Regions Bank would no longer accept deposits from K.R.-Israel, and that as a result, plaintiffs suffered monetary damages. The engagement letter/retainer agreement was attached to the complaint as an exhibit.
 

 FHI and Ittleman sought dismissal of the claim, arguing that K.R.-Israel and K.R.-USA failed to state a cause of action for legal malpractice and that K.R.-Israel lacked standing because it was not an intended third-party beneficiary to the retainer agreement. Following a hearing, the trial court granted FHI’s and Ittle-man’s motion and dismissed KR.-Israel’s complaint with prejudice.
 
 [3]
 
 The order of dismissal does not indicate the ground upon which the trial court based its ruling. This appeal ensued.
 
 [4]
 

 II.
 
 ANALYSIS
 

 To assert a legal malpractice action, a plaintiff must allege the following three elements: “1) the attorney’s employment; 2) the attorney’s neglect of a reasonable duty; and 3) the attorney’s negligence as the proximate cause of loss to the client.”
 
 Law Office of David J. Stern, P.A. v. Sec. Nat’l Servicing Corp.,
 
 969 So.2d 962, 966 (Fla.2007) (quoting
 
 Sec. Nat’l Servicing Corp., v. Law Office of David J. Stern, P.A.,
 
 916 So.2d 934, 936 (Fla. 4th DCA 2006));
 
 Sure Snap Corp. v. Baena,
 
 705 So.2d 46, 48-49 (Fla. 3d DCA 1997);
 
 Maillard v. Dowdell,
 
 528 So.2d 512, 514 (Fla. 3d DCA 1988). To withstand dismissal, however, a plaintiff must allege more than the “naked legal conclusion” that the law firm and attorneys have negligently rendered legal services.
 
 Rios v. McDermott, Will & Emery,
 
 613 So.2d 544
 
 *893
 
 (Fla. 3d DCA 1993) (quoting
 
 Arky, Freed, Stearns, Watson, Greer, Weaver & Harris v. Bowmar Instrument Corp.,
 
 527 So.2d 211, 212 (Fla. 3d DCA 1987),
 
 disapproved on other grounds,
 
 537 So.2d 561 (Fla.1988));
 
 see also Bankers Trust Realty, Inc. v. Kluger,
 
 672 So.2d 897, 898 (Fla. 3d DCA 1996). “Florida’s pleading rule [1.110(b)(2) ] forces counsel to recognize the elements of their cause of action and determine whether they have or can develop the facts necessary to support it, which avoids a great deal of wasted expense to the litigants and unnecessary judicial effort.”
 
 Horowitz v. Laske,
 
 855 So.2d 169, 172-73 (Fla. 5th DCA 2003);
 
 see also Arky, Freed,
 
 537 So.2d at 563 (concluding that “litigants at the outset of a suit must be compelled to state their pleadings with sufficient particularity for a defense to be prepared”). Applying these principles, we agree with the trial court and hold that the complaint does not properly state a cause of action for legal malpractice against FHI and Ittleman.
 

 A.
 
 Failure to Comply With Minimum Pleading Requirement
 

 At the outset, we note that K.R.Israel has failed to comply with Florida Rule of Civil Procedure 1.110. A party should plead each distinct claim in a separate count, rather than plead the various claims against all of the defendants together.
 
 [5]
 

 See
 
 Fla. R. Civ. P. 1.110(f);
 
 Pratus v. City of Naples,
 
 807 So.2d 795, 797 (Fla. 2d DCA 2002);
 
 see also Aspsoft, Inc. v. Web-Clay,
 
 983 So.2d 761, 768 (Fla. 5th DCA 2008) (holding that plaintiffs complaint set forth defective claims by “impermissibly comingling separate and distinct claims” in a single count);
 
 Dubus v. McArthur,
 
 682 So.2d 1246, 1247 (Fla. 1st DCA 1996) (stating that the “task of the trial court was made more difficult because the appellants’ amended complaint improperly attempts to state in a single count separate causes of action”). In so doing, the plaintiff also must comply with Florida Rule of Civil Procedure 1.110(b)(2), which requires that the complaint contain “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.”
 
 See also Goldschmidt v. Holman,
 
 571 So.2d 422, 423 (Fla.1990);
 
 Horowitz,
 
 855 So.2d at 172.
 

 In this case, the complaint, which purports to allege legal malpractice claims against FHI and Ittleman, fails to comply with the basic rules of pleading. The complaint consists of forty-seven numbered paragraphs containing factual allegations and legal conclusions concerning the malpractice claims against FHI and Ittleman, as well as the claims against CRA and Guido, concerning the implementation of the compliance program. The claims against the various defendants are not divided into separate counts, titled “legal malpractice” or otherwise. Instead, the complaint randomly intersperses the factual allegations and legal conclusions against FHI and Ittleman among the' allegations against the other defendants without denoting the separate claims. In addition, numerous paragraphs contain allegations and legal conclusions that improperly refer to FHI and Ittleman (as well as CRA and Guido) collectively as “defendants” and do not differentiate among the various defendants’ actions and statements. Further
 
 *894
 
 more, in violation of Rule 1.110(b), the complaint improperly contains rambling allegations stating in general terms K.R.Israel’s dissatisfaction and frustration with FHI and Ittleman’s legal performance. “To say merely that this complaint is not well pleaded is an understatement. It lacks minimal organization and coherence.”
 
 Pratus,
 
 807 So.2d at 796. Accordingly, we find that the complaint does not comply with Rule 1.110, and dismissal is warranted on this ground.
 

 B.
 
 Failure to State a Cause of Action for Legal Malpractice
 

 Addressing the substance of the allegations themselves, we hold that the complaint does not state a cause of action for legal malpractice against FHI and It-tleman. First, K.R.-Israel has failed to properly allege that it has standing to bring this action. Conceding that it is not in privity with FHI, K.R.-Israel contends that the complaint alleges that K.R.-Israel fits within a narrow exception to this requirement — it is an intended third-party beneficiary of FHI’s legal representation of K.R.-USA.
 
 [6]
 

 See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner,
 
 612 So.2d 1378, 1379 (Fla.1993);
 
 Angel, Cohen & Rogovin v. Oberon Inv., N.V.,
 
 512 So.2d 192, 194 (Fla.1987). This contention is without merit as the retainer agreement attached to the complaint is inconsistent with those allegations. It is well settled that the court must consider an exhibit attached to the complaint together with the complaint’s allegations, and that the exhibit controls when its language is inconsistent with the complaint’s allegations.
 
 See Blue Supply Corp. v. Novos Electro Mech., Inc.,
 
 990 So.2d 1157 (Fla. 3d DCA 2008);
 
 Ginsberg v. Lennar Fla. Holdings, Inc.,
 
 645 So.2d 490, 494 (Fla. 3d DCA 1994);
 
 Harry Pepper & Assocs., Inc. v. Lasseter,
 
 247 So.2d 736, 736 (Fla. 3d DCA 1971).
 

 Here, the retainer agreement does not mention K.R.-Israel and is directed to El-maleh, individually and on behalf of K.R.USA. It states that FHI will provide legal services by offering a written opinion whether
 
 “your
 
 business KR Services USA” is required to register in Florida and to advise
 
 “you”
 
 how to restructure
 
 “your
 
 various entities.” (Emphasis added). There is no basis to conclude that KR.-Israel falls within the purview of the phrase “your various entities.” The complaint merely alleges that K.R.-USA is a consultant for K.R.-Israel and that the two entities are engaged in a money services business relationship. The agreement re
 
 *895
 
 fers only to K.R.-USA, does not show an intent to directly and primarily benefit KR.-Israel, and is inconsistent with the complaint’s allegation regarding KR.-Israel as an intended third-party beneficiary. Because the agreement’s language is inconsistent with the complaint allegations, KR.-Israel has not alleged that it has standing to bring this action.
 
 See Hunt Ridge at Tall Pines, Inc. v. Hall,
 
 766 So.2d 399, 401 (Fla. 2d DCA 2000).
 

 Second, KR.-Israel did not sufficiently allege ultimate facts relating to FHI and Ittleman’s duties, which duties were breached, or how FHI and Ittleman breached the standard of care. Instead, KR.-Israel simply alleged legal conclusions
 
 (e.g.,
 
 that FHI and Ittleman had a duty to perform the legal services with the diligence and level of care expected of similarly-situated attorneys in South Florida; that FHI and Ittleman breached their duty by taking on a task that they were not capable of properly performing, failing to perform the task diligently or with the required skill and providing improper and incorrect legal advice.) At most, KR.Israel alleges that: Elmaleh was “advised” that the IRS application prepared by FHI and Ittleman was non-compliant and prepared unprofessionally; FHI and Ittleman did not advise Elmaleh that a state license was unnecessary until six months after the retainer agreement was executed,
 
 [7]
 
 and, notwithstanding that FHI and Ittleman held themselves out as being able to perform the necessary services, they represented that CRA’s services were needed.
 
 [8]
 
 Such legal conclusions without more are insufficient to state a claim for legal malpractice.
 
 See Horowitz,
 
 855 So.2d at 173 (allegations that attorney “was negligent in responding to the inquiries of state regulators, in analyzing securities laws, and in advising [client] ... are bare legal conclusions”);
 
 Kluger,
 
 672 So.2d at 898 (allegation that attorney “negligently, carelessly, unskillfully and tardily conducted the ... action and delayed obtaining a judgment therein” is an insufficient legal conclusion);
 
 Rios,
 
 613 So.2d at 545 (holding that legal malpractice claim was properly dismissed because complaint did not state what attorneys did wrong in their efforts to remove the lis pendens and that the allegation that the attorneys “failed to timely act is an insufficient legal conclusion”). The complaint fails to “illuminate any of the specifics of the alleged malpractice” committed by FHI and Ittleman.
 
 Rios,
 
 613 So.2d at 545;
 
 see also Kluger,
 
 672 So.2d at 898. Therefore, the trial court properly dismissed the complaint for failure to state a cause of action for legal malpractice.
 

 C.
 
 Dismissal Should Have Been Without Prejudice
 

 Despite the defects discussed above, the dismissal of KR.-Israel’s complaint should have been without prejudice. “In most circumstances, the trial court’s dismissal of a complaint for failure to state a cause of action should be without prejudice to the plaintiffs amendment to the complaint to cure the deficiencies.”
 
 Mortgage Elec. Registration Sys., Inc. v. Azize,
 
 965 So.2d 151, 153 (Fla. 2d DCA 2007);
 
 see also Dieudonne v. Publix Super Mkts.,
 
 
 *896
 

 Inc.,
 
 994 So.2d 505 (Fla. 3d DCA 2008);
 
 Charles v. Fla. Foreclosure Placement Ctr., LLC,
 
 988 So.2d 1157, 1160-61 (Fla. 3d DCA 2008).
 

 This was K.R.-Israel’s initial complaint, and FHI and Ittleman had not served a responsive pleading. Moreover, absent at least one more opportunity for K.R.-Israel to attempt to assert a claim against the defendants, we cannot yet conclude that amendment would be futile or would prejudice FHI and Ittleman.
 
 See, e.g., Dieudonne,
 
 994 So.2d at 506-07;
 
 Charles,
 
 988 So.2d at 1160-61. Therefore, although the trial court properly dismissed KR.-Israel’s complaint against FHI and Ittleman, the trial court erred in dismissing the complaint with prejudice without affording K.R.-Israel the opportunity to amend its initial complaint to attempt to allege a legal malpractice claim against FHI and Ittleman.
 

 The final judgment is reversed and the cause remanded for the trial court to enter a dismissal without prejudice.
 

 Affirmed in part; reversed in part and remanded.
 

 [1]
 

 . We recite the facts as alleged in the initial complaint.
 

 [2]
 

 .In the same complaint, K.R.-Israel also filed claims against defendants Compliance Resource Advisors, Inc. ("CRA”), and CRA's president and CEO, Anthony M. Guido. K.R.Israel alleges that it retained CRA to implement a compliance program for K.R.-USA because FHI and Ittleman represented that CRA’s services were needed. The engagement letter states that “[t]he objective of this engagement is to provide the Client with the regulatory compliance requirements as stated in CFR 31 Section 352 of the USA Patriot Act, which defines the requirements of an Anti-Money Laundering, Bank Secrecy Act program relating to a Money Services Business.” Those claims remain pending below.
 

 [3]
 

 . The trial court also dismissed K.R.-USA’s complaint without prejudice. K.R.-USA filed an amended complaint and its action is proceeding in the trial court.
 

 [4]
 

 . We review
 
 de novo
 
 a trial court’s order dismissing a complaint with prejudice for failure to state a cause of action.
 
 See Wallace v. Dean.
 
 3 So.3d 1035, 1045 (Fla.2009).
 

 [5]
 

 . The Authors’ Comment — 1967 to Rule 1.110 aptly states:
 

 The contents of a pleading should not just meet the minimum requirements for that type of pleading. They should clearly and adequately inform the judge, the opposing party and the jury (in cases where the pleadings may be read to the jury) of the position of the pleader. The arrangement should be designed to make an orderly and effective presentation. To guide the pleader along these lines the rules require presentation in separately numbered paragraphs and in counts (1.110(f)).
 

 [6]
 

 . The allegations provide:
 

 16. At the time that the retainer agreement was executed, FHI knew of the entire situation as set forth above in Paragraphs 8-13 and knew that the services that were the subject of the agreement would: a) allow both KR-USA and KR-Israel to comply with all legal requirements; b) allow KR-USA to, again, receive commissions by having a banking institution available in the same fashion that Regions was working with KR-USA; and c) allow KR-Israel to avoid having to pay significant fees to third parties to outsource the service previously provided by KR-USA.
 

 [[Image here]]
 

 42. At all times, Plaintiff KR-Israel was an intended third-party beneficiary of the services of the Defendants even though the agreement was executed by KR-USA where: a) Defendants were advised that KR-Israel was having to outsource the services previously provided by KR-USA through Regions at a great expense to KR-Israel, in addition to the loss of commissions by KR-USA; b) Defendants knew at all times that their services were for the benefit of KR-Israel, because a resolution by Defendants was specifically designed and intended to eliminate the expenses incurred by KR-Israel in having to outsource the services previously provided by KR-USA; and c) Defendants knew that KR-Israel was paying the bills of Defendants and rendering the important decisions that needed to be made in the process.
 

 [7]
 

 . FHI and Ittleman correctly argue that the complaint’s allegations as to the time of performance (approximately thirty days) conflict with the retainer agreement, which does not provide that they were obligated to render services within a specific time period.
 

 [8]
 

 . The complaint also alleges that the proposals submitted by “the defendants" did not resolve the plaintiffs' check-cashing problem. Assuming that this allegation includes FHI and Ittleman, it does not explicate what they did wrong in submitting the unsuccessful proposals.
 
 See generally Dillard Smith Constr. Co. v. Greene,
 
 337 So.2d 841, 843 (Fla. 1st DCA 1976). ("A lawyer does not guarantee the efficacy of his advice.”).