DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE KIDWELL GROUP, LLC,** d/b/a
**AIR QUALITY ASSESSORS OF FLORIDA** a/a/o **BEN KIVOVITZ,**
Appellant,

v.

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-2843

[June 15, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra Bosso-Pardo, Judge; L.T. Case No. 50-2021-SC-001729-MB.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

Jake D. Huxtable of Kelley Kronenberg, West Palm Beach, for appellee.

CONNER, J.

Appellant, The Kidwell Group, LLC, d/b/a Air Assessors of Quality Florida a/a/o Ben Kivovitz, appeals the trial court's dismissal with prejudice of appellant's complaint for breach of contract. Appellant's breach of contract action stemmed from a homeowner's insurance claim dispute pursuant to an assignment of benefits of the homeowner's residential property insurance policy issued by appellee, United Property & Casualty Insurance Company. Appellee moved to dismiss the complaint pursuant to Florida Small Claims Rules 7.110(a)(2) and 7.135. Appellant raises multiple arguments on appeal, which we affirm without discussion. We write only to explain our affirmance as to Appellant's argument that the trial court erred in concluding the assignment of benefits failed to comply with sections 627.7152(2)(a)1. and 627.7152(2)(a)4., Florida Statutes (2021).

Section 627.7152(2)(a) provides in pertinent part:

(2)(a) An assignment agreement must:

1. Be in writing and executed by and between the assignor and the assignee.

. . . .

4. Contain a written, itemized, per-unit cost estimate of the services to be performed by the assignee.

§ 627.7152(2)(a)1., 4., Fla. Stat. (2021). As such, the statute's plain language requires that at the time the assignment of benefits is signed, the assignor must be provided with a list of the itemized services to be performed by the assignee, as well as the costs thereof.

Appellant argues it satisfied the statute by having provided the homeowner with an invoice which it attached to the complaint, along with the assignment of benefits. However, we disagree.

While Appellant included the invoice as an attachment to the complaint along with the assignment of benefits, such invoice was unexecuted and dated five days *after* the assignment was executed. *See K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL,* 48 So. 3d 889, 894 (Fla. 3d DCA 2010) ("It is well settled that the court must consider an exhibit attached to the complaint together with the complaint's allegations, and that the exhibit controls when its language is inconsistent with the complaint's allegations."). As such, the trial court properly concluded the assignment did not contain a written, itemized, per-unit cost estimate of the services to be performed by Appellant as required by sections 627.7152(2)(a)1. and 627.7152(2)(a)4. Accordingly, the trial court's dismissal pursuant to rules 7.110(a)(2) and 7.135 was proper.

*Affirmed.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***