# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-516
Lower Tribunal No. 21-14071
_____


**Marc Puleo,**
Appellant,

vs.

**Eric A. Jacobs, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Katzman Wasserman Bennardini & Rubinstein, P.A., and Steven M. Katzman, Charles J. Bennardini and Helaina Bardunias (Boca Raton), for appellant.

Keller Landsberg, P.A., and Maria P. Gonzalez and Raymond L. Robin (Fort Lauderdale), for appellees.


Before SCALES, LINDSEY and BOKOR, JJ.

PER CURIAM.

Affirmed. See Vorbeck v. Betancourt, 107 So. 3d 1142, 1148 (Fla. 3d DCA 2012) ("[T]he failure to raise an issue regarding an improper dismissal with prejudice at the trial level constitutes a waiver of this issue on appeal."); K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889, 895 (Fla. 3d DCA 2010) (concluding that general allegations that the client's attorneys "had a duty to perform the legal services with the diligence and level of care expected of similarly-situated attorneys in South Florida" failed to "sufficiently allege ultimate facts relating to . . . which duties were breached"); Bankers Tr. Realty, Inc. v. Kluger, 672 So. 2d 897, 898 (Fla. 3d DCA 1996) (recognizing that a claim for legal malpractice must allege ultimate facts "that support a causal connection between the acts the attorneys committed and the alleged damages suffered by the [client]").