# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-568
Lower Tribunal No. 21-1338
_____

**Martin J. Bradley, III,**
Appellant,

vs.

**Jose Trespalacios, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

EFR Law Firm, and Eduardo F. Rodriguez, for appellant.

Ross & Girten, and Lauri Waldman Ross; McLuskey, McDonald & Hughes, and John W. McLuskey, for appellee Jose Trespalacios.

Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

Appellant Martin J. Bradley III, the plaintiff below, appeals (i) a January 13, 2022 order dismissing, with prejudice, Bradley's operative Second Amended Complaint[1] for, *inter alia*, Bradley's failure to state a claim for intentional infliction of emotional distress ("IIED") against the co-defendant below, appellee Jose Trespalacios,[2] and (ii) a March 18, 2022 order denying Bradley's motion for rehearing that sought leave to file a proposed Third Amended Complaint against Trespalacios for IIED. On our *de novo* review of the January 13, 2022 order, we affirm the trial court's legal determination that the Second Amended Complaint failed to state a claim for IIED. See K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889,

---

[1] Bradley filed two, separate pleadings below titled "Second Amended Complaint." On October 19, 2021, Bradley sought leave to file his "first" Second Amended Complaint, immediately prior to the October 20, 2021 hearing on Trespalacios's motion to dismiss Bradley's Amended Complaint. The trial court's order dismissing, without prejudice, the Amended Complaint expressly acknowledged Bradley's October 19, 2021 filing, and provided that "[Bradley] shall not be limited to the proposed Second Amended Complaint presently on file with the Court." Bradley thereafter revised his pleading again, filing his "second" Second Amended Complaint below – the operative pleading in this appeal.

[2] Bradley's Second Amended Complaint alleged claims by Bradley and co-plaintiff Bio-Med Plus, Inc. (Bradley's corporation) against appellee Jose Trespalacios and other co-defendants for fraud (count I), fraud in the inducement (counts II, III, and IV), unjust enrichment (counts V, VI, VII, and VIII) and IIED (count IX). While the trial court's dismissal order dismissed all of Bradley's claims against Trespalacios, Bradley challenges only the trial court's dismissal of the IIED claim against Trespalacios.

892 n.4 (Fla. 3d DCA 2010) ("We review *de novo* a trial court's order dismissing a complaint with prejudice for failure to state a cause of action."); Deauville Hotel Mgmt., LLC v. Ward, 219 So. 3d 949, 955 (Fla. 3d DCA 2017) ("What constitutes outrageous conduct is a question that must be decided as a matter of law."). We conclude further that the trial court did not abuse its discretion in denying Bradley's motion for rehearing that sought leave to file a proposed Third Amended Complaint. See Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992) ("While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion."); Tuten v. Fariborzian, 84 So. 3d 1063, 1069 (Fla. 1st DCA 2012) ("Although leave of the court shall be freely given when justice requires, the court need not allow an amendment that would be futile.").

     Affirmed.