# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-711
Lower Tribunal No. 21-31745 CC
_____

**Total Care Restoration, LLC, a/a/o Yoel Bernal,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Law Office of Chad A. Barr, P.A., and Chad A. Barr and Dalton L. Gray (Altamonte Springs), for appellant.

Dean, Ringers, Morgan & Lawton, P.A., and Jessica C. Conner (Orlando), for appellee.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

**INTRODUCTION**

Total Care Restoration, LLC (as assignee of Yoel Bernal) appeals the trial court's order dismissing its breach of contract complaint with prejudice. The trial court dismissed the complaint based on Total Care's failure to comply with section 627.7152(2)(a)4., Florida Statutes (2021),[1] which provides that an assignment of benefits agreement must "[c]ontain a written, itemized, per-unit cost estimate of the services *to be performed by the assignee*." (Emphasis added). The assignment of benefits agreement in the instant case contained a generic list of *available services*, together with their unit cost, which the trial court concluded was insufficient to satisfy the statute's requirement, rendering the assignment agreement statutorily invalid and unenforceable. We agree with the trial court's conclusion and, for the reasons that follow, affirm the trial court's order.

**FACTUAL BACKGROUND**

Yoel Bernal's home, insured by Citizens, suffered a loss due to water damage on June 17, 2021. Twelve days later, Bernal entered into an assignment agreement, by which he assigned his insurance benefits to Total Care in exchange for water dry-out services performed on Bernal's property.

---

[1] The statute was later amended in 2022, see Ch. 2022-271, § 21, Laws of Florida. Although subsection (2)(a)4. was moved to subsection (2)(a)5., the statutory language remained unchanged.

Attached to the assignment agreement was a document entitled "Itemized per-Unit Cost Estimate." That document contained a list of available "emergency" and "non-emergency" services, together with a unit price for each service. After performing services on Bernal's property, Total Care submitted its assignment agreement and invoices to Citizens. Citizens denied full reimbursement. In response, Total Care filed the underlying lawsuit for breach of contract, seeking to recover $16,066.32 in damages. Attached to the complaint was the assignment of benefits agreement (with the list described above), together with invoices submitted to Citizens for the work performed.

Citizens moved to dismiss the complaint with prejudice, contending that the assignment of benefits agreement, on its face, failed to comply with section 627.7152(2)(a)4., Florida Statutes (2021) (requiring that an assignment of benefits agreement "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee") rendering the assignment agreement invalid and unenforceable. Id. § 627.7152(2)(d) (providing: "An assignment agreement that does not comply with this subsection is invalid and unenforceable.")

More specifically, Citizens contended the assignment agreement did not contain "a written, itemized, per-unit cost estimate of the *services to be*

3

*performed* by assignee" as required by the statute. In response, Total Care contended that the assignment agreement contained an itemized per-unit cost estimate in compliance with the statute; Citizens lacked privity to challenge the assignment agreement; and non-compliance with the statute would render the assignment agreement voidable, not void, and—if voidable—Citizens would have no standing to challenge the assignment agreement since it was not a party to, or third-party beneficiary of, the assignment agreement.

Following a hearing, the trial court entered its order dismissing the case with prejudice, on the basis that the assignment agreement was invalid and unenforceable because it does not contain the itemized, per-unit cost estimate of the services to be performed as required by section 627.7152(2)(a)4., but instead simply a list of available services offered by Total Care. This appeal followed.

**STANDARD OF REVIEW**

The court reviews the granting of a motion to dismiss de novo. People's Tr. Ins. Co. v. Alonzo-Pombo, 307 So. 3d 840, 842 (Fla. 3d DCA 2020). In doing so, a reviewing court is generally limited to the four corners of the complaint and any attachments. Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading must be considered a part thereof for all purposes.")

4

In the event of an inconsistency between the allegations of the complaint and the language in the attachment, the attachment controls. K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889, 894 (Fla. 3d DCA 2010) ("It is well settled that the court must consider an exhibit attached to the complaint together with the complaint's allegations, and that the exhibit controls when its language is inconsistent with the complaint's allegations.") Questions of law, such as construction of a statute, are also subject to de novo review. Aramark Unif. and Career Apparel, Inc. v. Easton, 894 So. 2d 20, 23 (Fla. 2004); Mattino v. City of Marathon, 345 So. 3d 939, 943 (Fla. 3d DCA 2022).

**DISCUSSION AND ANALYSIS**

Enacted by the legislature in 2019, section 627.7152, Florida Statutes (2021), governs assignment of benefits agreements. Subsection (2)(a) enumerates several requirements for a valid and enforceable assignment of benefits agreement. Relevant to the instant case, the statute requires: "An assignment agreement must. . . [c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." Id. § 627.7152(2)(a)4. In addition, section (2)(d) provides: "An assignment agreement that does not comply with this subsection is invalid and unenforceable."

5

The provision's plain language requires an itemized cost estimate of services "to be performed" on the property.  By contrast, the document provided by Total Care is nothing more than a generic menu of *available* services offered by Total Care, listing the cost of each available service. Here is the actual document attached to the assignment agreement:

Itemized per-Unit Cost Estimate

Emergency Service Price:

| | | |
|---|---|---|
| Service Call | 206.80 | |
| Service Call After Hours | 247.98 | |
| Dehumidifier XL (min. 3 days) | 110.00 | per day |
| Air Scrubber (min. 3 days) | 120.21 | per day |
| Air Movers (min. 3 days) | 35.62 | per day |
| Hydroxyl generator – odor counteractant | 225.49 | per day |
| Wall cavity drying-Inj. Type | 140.00 | per day |
| Power Distribution Box | 36.87 | per day |
| Board Up | 150.00 | per opening |
| Contents | 62.90 | R&R per hr. |
| Remove baseboards | 0.62 | per lf. |
| Cat 1 Water extraction (up to 2 in. - 150 min.) | 0.60 | per sq. ft. |
| Cat 2 Water extraction (up to 2 in. - 150 min.) | 0.86 | per sq. ft. |
| Cat 3 Water extraction (up to 2 in. - 150 min.) | 1.41 | per sq. ft. |
| Drill holes for wall cavity drying | 0.65 | each |
| Cleaning & Remediation Supervisory | 77.63 | per hr. |
| Blue Tarp Roof | 1.35 | per sq. ft. |
| Shrink Wrap | 3.50 | per sq. ft. |
| Block and Pad Furniture | 62.19 | per room |
| Clean Floor Heavy | 0.71 | per sq. ft. |
| Apply anti-microbial agent | 0.31 | per sq. ft. |
| Gray Tarp Roof – heavy duty 10mil. | 2.60 | per sq. ft |

Non-Emergency Prices:

| | | |
|---|---|---|
| Service Call | 137.86 | |
| Service Call After Hours | 165.12 | |
| Dehumidifier XL (min. 3 days) | 110.00 | per day |
| Air Scrubber (min. 3 days) | 70.00 | per day |
| Air Movers (min. 3 days) | 35.62 | per day |
| Wall cavity drying-Inj. Type | 140.00 | per day |
| Power Distribution Box | 36.87 | per day |
| Board Up | 150.00 | per opening |
| Contents | 62.90 | R&R per hr. |
| Remove baseboards | 0.42 | per lf. |
| Cat 1 Water extraction (up to 2 in. - 150 min.) | 0.49 | per sq. ft. |
| Cat 2 Water extraction (up to 2 in. - 150 min.) | 0.76 | per sq. ft. |
| Cat 3 Water extraction (up to 2 in. - 150 min.) | 1.11 | per sq. ft. |
| Drill holes for wall cavity drying | 0.45 | each |
| Cleaning & Remediation Supervisory | 51.70 | per hr. |
| Blue Tarp Roof | 1.04 | per sq. ft. |
| Shrink Wrap | 3.00 | per sq. ft. |
| Gray Tarp Roof – heavy duty 10mil. | 2.10 | per sq. ft |

6

While Total Care contends this document meets the statute's requirement of "a written, itemized, per-unit cost estimate of the services to be performed by the assignee," we conclude it falls far short. It is not tailored to the insured or to the services to be performed on this particular property. Instead, it is simply a listing of services offered by Total Care, divided into two categories—"Emergency Service Price" and "Non-Emergency Prices."

The services listed under the two categories overlap nearly completely (the emergency category lists twenty-two services, while the non-emergency category lists eighteen identical services), with the difference being the cost of an available service performed on an emergency versus non-emergency basis. Such a generic menu of services available to any customer manifestly fails to comply with the "itemized, per-unit cost estimate of the services to be performed" required by section 627.7152(2)(a)4.

Indeed, this document is not an "estimate" at all, because it fails to set forth: the specific services being performed by Total Care on Mr. Bernal's property; whether those services are being performed on an emergency or non-emergency basis; and the estimated cost for each of the services being performed on the property based on the number of "units" (e.g., number of hours/days needed for each service and/or number of square feet involved for each specific service being performed on the insured's property).

We find persuasive the reasoning and holding of our sibling court in Air Quality Experts Corp. v. Fam. Sec. Ins. Co., 351 So. 3d 32 (Fla. 4th DCA 2022), which is indistinguishable in all material respects from this case. In Air Quality, an assignee under a homeowner's property insurance assignment agreement submitted bills to the insurer. When the insurer refused to pay, the assignee sued, attaching to the complaint the assignment agreement contract and two invoices. The assignment agreement included "a standard price list of the types of services offered by the assignee with their unit price." Id. at 37. As the Fourth District explained, "[t]here was nothing in the attachment which tied the price list to the insured's home so that it could be considered an estimate." Id.

The insurer moved to dismiss with prejudice arguing that the amended statement of claim (on its face) failed to meet the requirement that "[a]n assignment agreement must . . . [c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee," and the failure to comply meant that the assignment was "invalid and unenforceable." §§ 627.7152(2)(a)4., (2)(d).

In response, the assignee in Air Quality raised many of the same arguments Total Care raises here: the price list attached to the assignment agreement was sufficient to meet the statutory requirements; and the insurer

did not have standing to challenge the assignment's validity on two bases: (a) if the assignment was invalid, it would be voidable, not void; and (b) the insurer was not a party to the assignment or in privity of contract with the assignee. In affirming the trial court's order, the Fourth District rejected each of these arguments as without merit. We agree fully with our sister court's reasoning.

For example, as to the assignee's standing arguments, the court maintained its focus on the statute's plain language, explaining that it is the assignee, rather than the insurer, who lacks standing, as it sought to enforce a claim to insurance proceeds based upon "an invalid assignment." Id. at 37-38. The Fourth District further held:

> Here the statute expressly declares [that] an assignment violative of its requirements is 'invalid and unenforceable', precluding its enforcement by courts. § 627.7152(2)(d). As the assignee's right to sue the insurance company derives from an invalid document, the courts cannot enforce it.

Id. at 38-39.

As for Total Care's contention that, under subsection (2)(d), an "invalid and unenforceable" assignment agreement is rendered merely voidable not void, we reject (as did Air Quality) this proposed construction of the statutory phrase "invalid and unenforceable." We also reject Total Care's related argument that the statutory phrase "invalid and unenforceable" is at best

9

ambiguous, and thus the trial court was premature in dismissing the action. To the extent a different conclusion was reached in SFR Services, LLC v. Indian Harbor Insurance Co., 529 F. Supp. 3d 1285, 1294 (M.D. Fla. 2021) ("Even if the statutory terms 'invalid and unenforceable' could mean 'void,' they could also mean voidable. So the question of whether a noncomplying AOB is void or merely voidable cannot be answered merely by referring without further analysis to the statutory language 'invalid and unenforceable'"), we disagree and instead adopt the reasoning of our sister court in Air Quality:

> SFR does not cite to any Florida law when it stated that a statute may declare a contract void but instead mean that it is voidable. Indeed, we can find no such law. The court also noted that the Legislature did not use the word "void" but "invalid." SFR Servs., 529 F. Supp. 3d at 1293-94.
>
> While the definitions of "void" and "invalid" are distinct, they are not substantially different. "Void" means "of no legal effect," while "invalid" means "not legally binding." Black's Law Dictionary (11th ed. 2019). Whether the contract is of no legal effect or is not legally binding, it is unenforceable. As we must apply the plain meaning of a statute, the Legislature has precluded the enforcement of an AOB which does not include the mandatory statutory requirements.

Air Quality, 351 So. 3d at 38.

The Fifth District has likewise declined to adopt the reasoning of SFR Services, see Kidwell Grp., LLC v. ASI Preferred Ins. Corp., 351 So. 3d 1176 (Fla. 5th DCA 2022), and held that the insurer has standing to challenge the

10

assignment pursuant to section 627.7152, and that the phrase "invalid and unenforceable" as used in this statute, does not mean voidable. We agree, and conclude that Total Care's assignment is precisely what the plain language of the statute says it is: "invalid and unenforceable," and Citizens has standing to challenge the assignment as such. Given that the statute is unambiguous, and that the assignment agreement, on its face, fails to comply with section 627.7152(2)(a)4., the assignment is invalid and unenforceable, and the trial court properly dismissed the complaint with prejudice.

**<u>CONCLUSION</u>**

We adopt the rationale and holding of the Fourth District in <u>Air Quality</u> and the Fifth District in <u>Kidwell</u>. The failure to comply with section 627.7152(2)(a)4 rendered the assignment agreement "invalid and unenforceable" under section 627.7152(2)(d), and subject to challenge by Citizens, the insurer. The trial court properly dismissed Total Care's complaint with prejudice as its breach of contract action was premised upon a statutorily invalid and unenforceable assignment of benefits agreement.

Affirmed.