# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0297
Lower Tribunal No. 19-22438
_____

**Avi Harel**,
Appellant,

vs.

**Kabel-X USA, LLC, et al.**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Avi Harel, in proper person.

Berger Singerman LLP, and Alejandro M. Miyar and Ana E. Kauffmann, for appellees.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Spanakos v. Hawk Sys., Inc., 362 So. 3d 226, 245 (Fla. 4th DCA 2023) ("An appellant does not discharge [its] duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision. Under such circumstances it must be held . . . that [the appellate court is] under no duty to answer the question." (quoting Lynn v. City of Fort Lauderdale, 81 So. 2d 511, 513 (Fla. 1955))); Est. of Herrera v. Berlo Indus., Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[Appellant] seeks to raise issues which were not raised in the trial court. However, issues not presented in the trial court cannot be raised for the first time on appeal. Thus, [appellant] is precluded from raising new arguments on appeal." (citation omitted)); see also K.R. Exch. Servs., Inc. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889, 894 (Fla. 3d DCA 2010) ("It is well settled that the court must consider an exhibit attached to the complaint together with the complaint's allegations, and that the exhibit controls when its language is inconsistent with the complaint's allegations.").